COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Duff
Argued at Alexandria, Virginia


WILMOT F. O'LOUGHLIN
                                        OPINION BY
v.   Record No. 1763-94-4      CHIEF JUDGE NORMAN K. MOON
                                        JUNE 20, 1995
ELAYNE (LOWE) O'LOUGHLIN


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Thomas S. Kenny, Judge

          Peter M. Fitzner (Dennis J. Smith; Shoun,
          Smith & Bach, P.C., on brief), for appellant.

          Ann W. Mische (Paula W. Rank; Byrd, Mische,
             Bevis, Bowen & Joseph, P.C., on brief),
          for appellee.


     Wilmot F. O'Loughlin, appellant, appeals the decision of the

trial court awarding sixty percent of the marital estate to

Elayne Lowe O'Loughlin, appellee.  Appellant argues that the

trial court's equitable distribution award was based entirely and

wrongfully upon consideration of his negative nonmonetary

contributions to the well-being of the family, absent economic

fault on his part.  We disagree and affirm the judgment.

     The purpose of Code § 20-107.3 is to divide fairly the value

of the marital assets acquired by the parties during marriage

with due regard for both their monetary and nonmonetary

contributions to the acquisition and maintenance of the property

and to the marriage.  Robinette v. Robinette, 4 Va. App. 123,

130, 354 S.E.2d 808, 811 (1987).  "Fashioning an equitable

distribution award lies within the sound discretion of the trial

judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  <u>Srinivason v. Srinivason</u>, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

Virginia has no presumption in favor of an equal division of the marital property.

> "Instead, the applicable statute requires the trial court to determine the amount of the award and the method of its payment after considering [the] eleven specific factors."  Once it has been determined that a monetary award is appropriate, the trial judge must determine the amount of the monetary award after considering the factors mandated by Code § 20-107.3(E). Therefore, proof that the monetary award does not reflect an equal division of marital property is not alone sufficient to reverse the award, provided the trial judge considered all the factors enumerated in Code § 20-107.3(E) in determining the amount.

<u>Lambert v. Lambert</u>, 6 Va. App. 94, 106, 367 S.E.2d 184, 191 (1988)(citations omitted).

In this case, appellant concedes that the trial court based its award on a consideration of the statutory factors contained in Code § 20-107.3(E).  However, appellant argues that the court's consideration of his "negative non-monetary contributions" to the family formed the sole basis of the trial court's award and was nothing more than a "back door approach" to allow the court to punish him for his infidelity, which began from the early days of the marriage and lasted through to the time of the divorce.

The record does not support appellant's contention that the trial court's distribution was based solely on appellant's negative non-monetary contributions.  First, appellant

acknowledges that the difference in the parties' ages favored the appellee. See Code § 20-107.3(E)(4). Second, the trial court found that appellee's nonmonetary contributions were greater than those of appellant. Specifically, the court recognized that appellee was the primary caretaker of the family life (i.e., the couple's daughter) and all of the marital property (i.e., the marital home and other physical assets pertinent thereto) during all of the years of the marriage. While the trial court, due to appellant's management of marital funds, ruled that the parties' monetary contributions were equal, it gave this factor little weight because it found the manner in which appellant controlled the funds to be "domineering and offensive."

Moreover, as long as the trial court considers all the factors, it is at the court's discretion to determine what weight to give each factor when making the equitable distribution award. Booth v. Booth, 7 Va. App. 22, 28, 371 S.E.2d 569, 573 (1988). The record shows that the court considered each of the statutory factors; it was not required to quantify the weight given to each or weigh each factor equally. See Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991).

The record also shows that the trial court properly analyzed the impact of appellant's adultery on the marriage partnership. The trial court did not use it to punish appellant in contravention of well established case law. The trial court correctly adhered to the principle espoused in Aster v. Gross, 7 Va. App. 1, 371 S.E.2d 833 (1988), and its progeny that in order

- 3 -

to alter the evaluation for an equitable distribution award under Code § 20-107.3(E)(5), there must be a showing of use of the marital property for the benefit of one spouse and for purposes unrelated to the marriage "in anticipation of divorce or separation . . . [and] at a time when the marriage is in jeopardy."  Booth, 7 Va. App. at 27, 371 S.E.2d at 572; see also Alphin v. Alphin, 15 Va. App. 395, 402, 424 S.E.2d 572, 576 (1992); Amburn v. Amburn, 13 Va. App. 661, 664-66, 414 S.E.2d 847, 849-51 (1992).  Without this showing, no finding of waste or dissipation may be considered as a factor which weighs against the party at fault.

Here, the trial court, while finding that during the marriage appellant had spent over ten thousand dollars on his paramours, specifically stated that it would not consider those expenses as a factor because there was insufficient evidence to support a finding of dissipation.  However, the trial court went on to say that appellant's infidelity had a negative impact on the well-being of the family.  The court recognized in Smith v. Smith, 18 Va. App. 427, 431-32, 444 S.E.2d 269, 273 (1994), that, while equitable distribution is not a vehicle to punish behavior, the statutory guidelines authorize consideration of such behavior as having an adverse effect on the marriage and justifying an award that favors one spouse over the other.

The trial court did not punish appellant for his adultery, despite his assertion to the contrary.  In Aster, we held that in considering the circumstances that led to the dissolution of the

marriage, Code § 20-107.3(E)(5), the court should consider the circumstances that affected the marriage partnership's economic condition.  7 Va. App. at 5-6, 371 S.E.2d at 836.  We did not hold that if a party's negative actions should also be a circumstance that brought about the dissolution of the marriage then within that subsection, the evidence may not be considered for any other purpose as it may relate to other factors in the various subparagraphs of Code § 20-107.3(E).  We said that:

> [c]ircumstances that lead to the dissolution of the marriage but have no effect upon marital property, its value, or otherwise are not relevant in determining a monetary award, need not be considered.  A trial court may only consider those circumstances leading to the dissolution of the marriage, that are relevant to determining a monetary award in order to avoid an unreasonable result.

Aster, 7 Va. App. at 5-6, 371 S.E.2d at 836.

In this case the wife worked outside the home and made nearly one hundred percent of the nonmonetary contributions to the marriage partnership.  Not only did the husband make no positive nonmonetary contributions, his unfaithfulness hindered the wife's efforts to contribute to the partnership in a nonmonetary way.  The husband argues that since his bad acts fit best under subsection (E)(1), they could not be considered under any other subsection.  Such a result is not dictated by Aster.  If the evidence of misconduct is relevant under any other factor than subparagraph (5), it may in the judge's discretion be considered when making an equitable award.  The trial court may "consider the negative impact of [an] affair on the well-being of

the family, see Code § 20-107.3(E)(1) . . . ." Smith, 18 Va.
App. at 431, 444 S.E.2d at 273.

The rule established in Aster, that circumstances leading to the dissolution of the marriage but having no effect on the marital property or its value are not relevant to determining the monetary award, was meant to require proof of some relationship between the fault and the marital estate, to require objectivity to the trial court's decision making on equitable distribution, and was focused on a couple's monetary contributions. Our purpose was to eliminate arbitrary monetary awards that punished a spouse for his or her fault without showing such fault had an economic impact on the marriage. However, our ruling in Aster did not establish that the negative impact of marital fault or other behavior could not be considered in light of the other factors, such as the couple's nonmonetary contributions, under Code § 20-107.3(E). Just as marital fault could be shown to have an economic impact on a marriage, i.e., waste or dissipation of assets, it can also be shown to have detracted from the marital partnership in other ways. Thus, as in this case, the trial court found not only that appellant made no nonmonetary contributions to the well-being of the family, but that his long-term infidelity and abusive behavior over the course of the marriage actually had a negative impact on the marital partnership.

In considering evidence of fault under any of the factors of Code § 20-107.3, we still adhere to our reasoning in Aster.

Fault is not a "wild card" that may be employed to justify what otherwise would be an arbitrary or punitive award. When fault is relevant in arriving at an award, the trial judge is required to consider it objectively, and how, if at all, it quantitatively affected the marital estate or well being of the family.

Lastly, the trial court correctly took into account all of the factors under Code § 20-107.3(E) in distributing the parties' universal life insurance and properly exercised its discretion in dividing that asset in the same proportion as other assets. Appellant's argument that this asset should be treated differently than others is not supported by the equitable distribution statute or case law. Having found credible evidence to support the trial court's equitable distribution award, we affirm its ruling.

<u>Affirmed.</u>