## CIRCUIT COURT OF LOUDOUN COUNTY

Leonard G. Poland

v.

Helen C. Poland

October 18, 1995

Case No. (Chancery) 15272

BY JUDGE JAMES H. CHAMBLIN

After consideration of the history of this divorce case and the arguments of counsel on September 29, 1995, the request of each party for an award of attorney fees and costs is denied. Each party presents some compelling arguments for an award of attorney fees and costs, but in the final analysis, the arguments offset each other. Each party will bear his or her own attorney fees and costs.

This divorce case has a long history. There was a very lengthy *pendente lite* spousal support hearing, another hearing to modify the temporary spousal support award, several hearings on discovery matters, and a three-day hearing on grounds of divorce (ultimately on a no-fault ground), permanent spousal support and equitable distribution. My opinion on the final issues is over ten pages long in just outline form. I agree with Mr. Barondess' assertion that this suit involved "protracted" and "contentious" litigation.

Mrs. Poland is only seeking an award of her fees and costs incurred while she has been represented by Mr. Barondess. The attorney fees are $21,511.00, and his billable costs are $892.63. In addition, she has incurred fees of $6,531.00 for her expert accountant and $10,800.00 for her expert real estate appraiser. The values of the furniture business owned by Mr. Poland (he is the sole stockholder) and the various parcels of real estate owned by the parties were certainly major issues in this case. Mrs. Poland had incurred and paid approximately $20,000.00 for her representation in the case by Mr. Morrison before he withdrew from the case. She is not asking for an award of the fees she incurred with Mr. Morrison.

Mr. Poland has incurred fees and billable costs with Mr. Jacob of approximately $67,000.00. In addition he has expert accountant fees of $3,500.00, expert real estate appraiser fees of $535.00, court reporter fees of $1,220.00, and private process server fees of $156.00. Mr. Jacob has represented Mr. Poland since the beginning of the parties' domestic difficulties. Some of his fees are for services in other proceedings before this suit was filed by him.

The reasons asserted by Mrs. Poland for any award of fees and costs to her are summarized as follows.

1. She is the "economic winner."

2. The extensive amount of evidence presented at the final hearing by Mr. Poland as to fault on the part of Mrs. Poland in light of my subsequent ruling that the evidence of the circumstances leading to the dissolution of the marriage had no effect upon the marital property or its value. *Aster v. Gross*, 7 Va. App. 1 (1988).

3. Mr. Poland's failure to stipulate as to the value of certain assets and debts at the beginning of the final hearing on which Mrs. Poland ultimately prevailed.

4. Mr. Poland's unsuccessful challenge to the parties' pre-nuptial agreement.

5. Mr. Poland's evasive answers when questioned by Mr. Barondess as to why his furniture business had no value.

6. Mr. Poland's expert accountant initially placed a zero value on the furniture business but later, after being confronted with the opinion of Mrs. Poland's expert accountant, changed his mind and increased it to $54,173.00.

7. Mrs. Poland needed an expert accountant because of Mr. Poland's initial position that the furniture business had no value.

8. Mrs. Poland's expert real estate appraiser was needed to get Mr. Poland to stipulate to the value of the two most valuable parcels of real estate.

Mr. Poland's reasons are summarized as follows.

1. While Mrs. Poland has paid most, if not all of her fees and costs, Mr. Poland still owes approximately $35,000.00.

2. Mr. Morrison's withdrawing from the case (through no fault of either party) caused delays and additional expense to Mr. Poland while Mr. Barondess familiarized himself with the case and Mrs. Poland changed experts on the value of the business. The final hearing was continued because Mr. Barondess had just become involved with the case.

3. Mrs. Poland's challenge to the subpoena duces tecum which Mr. Poland had issued to J. P. Darlington after the discovery cutoff date.

4. Mrs. Poland's challenge to the qualifications of Mr. Poland's expert real estate appraiser.

5. The decision of the Court as to permanent spousal support and equitable distribution gives Mrs. Poland cash and real estate, while Mr. Poland receives merely real estate and the business. Mr. Poland is "land poor" and has lost the real estate on which he was living.

Mrs. Poland is certainly the "economic winner," but being such does not automatically mean that she is entitled to her attorney fees and costs. Being the "economic winner," she has more assets from which to pay her attorney fees and litigation expenses. The latter carries more weight than the former.

Mr. Poland merely failed to persuade the Court that the circumstances leading to the dissolution of the marriage had an economic effect on the marital property. It was merely a failure of proof as required by *Aster v. Gross*, 7 Va. App. 1 (1988). It was not a frivolous position or argument. The circumstances may have been relevant under another factor of § 20-107.3(E). *See O'Loughlin v. O'Loughlin*, 20 Va. App. 522 (1995).

Mr. Poland did fail to stipulate to some facts that were ultimately proven by Mrs. Poland, but he also prevailed on some items (e.g., some debts) to which he refused to stipulate. Mr. Poland's challenge to the pre-nuptial agreement was not in bad faith or without reason but was simply a matter of the Court not believing Mr. Poland's version of the events surrounding the execution of the agreement.

Of all the reasons asserted by Mrs. Poland, the most persuasive is the position Mr. Poland took as to the value of Loudoun Furniture. It is almost ludicrous to even suggest that a long-established business with a million dollars in sales per year has no value. Even Mr. Poland's accountant, who is his brother-in-law, held the same opinion until Mrs. Poland's expert accountant showed that the business does have some value. Mr. Poland's evasive answers on cross-examination when Mr. Barondess offered him one dollar for the business demonstrated the unreasonableness of his position. This position required Mrs. Poland to hire her own expert. However, because Mr. Poland owned the business and he had all the records, Mrs. Poland would have been required to retain her own expert in any event. She was not familiar with all the factors to be considered in valuing the business.

When a husband and wife go into divorce litigation having acquired valuable assets, each must realize that experts must be retained to determine the value of the assets. The amount of the fees charged by an expert should not be a consideration in a decision on awarding costs. One party should not have to pay the other party's expert merely because of the size (large or small) of the expert's fee. Also, similar to attorney fees, an expert's fee should not be awarded merely because the court adopts the expert's opinion. Further, it should not be awarded merely because of the relationship of the expert's fee to the value of the award to a party resulting from the expert's testimony.

Mr. Poland does have more attorney fees to pay than Mrs. Poland. He also has a monetary award of $182,705.00 to pay to Mrs. Poland. However, he retains the furniture business and its real estate. Mrs. Poland has a source of funds from which to pay her fees and costs. Mr. Poland has no readily available source of cash to pay his fees and the monetary award.

Mr. Morrison's withdrawing from the case was unfortunate, but neither party caused it. The resulting change in trial strategy and use of experts by Mrs. Poland's new counsel, Mr. Barondess, does not subject her to paying the resulting increased fees to Mr. Poland.

Mrs. Poland's challenges to the subpoena duces tecum to Mr. Darlington and to Mr. Leroy's expert opinion were not frivolous or made in bad faith. The issues raised are not completely settled. The Court merely decided against her on both issues.

In the final analysis, the reasons for an award of attorney fees and costs to Mrs. Poland are offset by the assets which she receives under the court's decision with which she can pay her own fees and costs.