COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

WILLARD MORRIS

                                        MEMORANDUM OPINION*
v.   Record No. 1066-97-4                   PER CURIAM
                                         JANUARY 27, 1998
JOANNE LYNNE NAGY MORRIS


            FROM THE CIRCUIT COURT OF PAGE COUNTY
              Joshua L. Robinson, Judge Designate

         (H. Webb Hudson, Jr., on brief), for
         appellant.  Appellant submitting on brief.

         (Nancy M. Reed; Reed & Reed, on brief), for
         appellee.  Appellee submitting on brief.


     Willard Morris appeals from the portion of the final decree

of divorce which awards to his wife, Joanne Lynne Nagy Morris,

the majority of the parties' marital assets.  The husband

contends that the trial judge erred when he (1) considered as a

statutory factor for equitable distribution under Code

§ 20-107.3(E) his criminal felony conviction and (2) gave

insufficient weight to his monetary contributions toward the

acquisition of the marital assets.  We agree.  Therefore, we

reverse the judgment and remand.

     "Equitable distribution is predicated upon the philosophy

that marriage represents an economic partnership requiring that

upon dissolution each partner should receive a fair portion of

the property accumulated during the marriage."  Aster v. Gross, 7

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Va. App. 1, 5, 371 S.E.2d 833, 836 (1988). Although "[f]ashioning an equitable distribution award lies within the sound discretion of the trial judge," Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990), the trial judge commits reversible error when "it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

The statement of facts recites that the parties separated several times during their marriage. During one of the separations, the husband purchased a parcel of real estate and a mobile home in March 1989. In September 1995, the husband was convicted of several felonies. Two months later, the husband conveyed the real estate to himself and the wife as tenants by the entirety. The wife "contributed $8,000 toward the payments made for the land and the mobile home."

The divorce was granted on the ground that the parties had lived separate for more than a year beginning in December 1994. The residential mobile home and lot jointly, valued at $21,500, were the parties' sole marital assets for distribution. The trial judge awarded the residence to the wife, subject to a $500 lien to pay the husband's guardian ad litem.

The husband, who, at the time of trial, was serving a twenty-year sentence for felony convictions, contends that the trial judge erroneously attached "special weight" to his criminal

2

activity.  He argues that no evidence proved that his crimes and incarceration caused a negative economic impact on the marriage or marital property.  We agree.

In decreeing as to the property of the parties, the trial judge is required to consider the factors contained in Code § 20-107.3(E).  "Code § 20-107.3, providing for equitable distribution, is based on the notion that marriage is an economic partnership in which the parties, through varying contributions, monetary and nonmonetary, to the acquisition, maintenance, and care of property and to the well-being of the family, may accumulate marital wealth."  Dietz v. Dietz, 17 Va. App. 203, 210, 436 S.E.2d 463, 467 (1993).

> [C]ircumstances that affect the partnership's economic condition are factors that must be considered for purposes of our equitable distribution scheme.  Circumstances that lead to the dissolution of the marriage but have no effect upon marital property, its value, or otherwise are not relevant to determining a monetary award, need not be considered.  A trial court need only consider those circumstances leading to the dissolution of the marriage, that are relevant to determining a monetary award in order to avoid an unreasonable result.

Aster, 7 Va. App. at 5-6, 371 S.E.2d at 836.  "Fault is not a 'wild card' that may be employed to justify what otherwise would be an arbitrary or punitive award.  When fault is relevant in arriving at an award, the trial judge is required to consider it objectively, and how, if at all, it quantitatively affected the marital estate or well being of the family."  O'Loughlin v.

3

O'Loughlin, 20 Va. App. 522, 528, 458 S.E.2d 323, 326 (1995).

Over the seventeen years of the marriage, the parties separated several times.  Although the final decree recites that the husband's "criminal activity . . . led up to the parties' separation," no evidence tended to prove that the husband's criminal activity or conviction had any effect upon the value of the real estate or mobile home or had a negative economic impact upon the marital estate.  In the absence of any such evidence, the trial judge erred in determining that the husband had no rights or equity in the marital property and was not entitled under Code § 20-107.3(E) to an equitable award for his share of the marital assets.  Accordingly, the trial court erred in dividing the parties' marital assets by awarding $21,500 to the wife, subject to a $500 lien to pay the husband's guardian ad litem.  No evidence supports such a distribution of the property of the parties.

Accordingly, we reverse the decision and remand the matter to the trial judge for reconsideration of his equitable distribution award.

Reversed and remanded.

4

Willis, J., dissenting.

The record does not support the majority's finding that the trial court improperly applied the statutory factors found in Code § 20-107.3(E) when making its equitable distribution determination.  Specifically, proper consideration of the parties' ages and physical and mental conditions, the circumstances which contributed to the dissolution of the marriage, the debts and liabilities of each party and the basis for those debts and liabilities, the liquidity of the marital assets, and other necessary and appropriate factors as determined by the trial court supports the trial court's determination.  See Code § 20-107.3(E)(4), (5), (7), (8), and (10).  Therefore, I would affirm the judgment of the trial court.