COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Coleman and Overton
Argued at Salem, Virginia

NORMA JEAN ARMISTEAD

MEMORANDUM OPINION[*] BY
v.          Record No. 0614-97-3          JUDGE SAM W. COLEMAN, III
                                           FEBRUARY 3, 1998
WILLIAM P. ARMISTEAD

FROM THE CIRCUIT COURT OF WISE COUNTY
Ford C. Quillen, Judge

(Anthony E. Collins; Collins & Collins, on
brief), for appellant.  Appellant submitting
on brief.

William J. Sturgill (Sturgill & Sturgill,
P.C., on brief), for appellee.


In this divorce case, Norma Jean Armistead (wife) appeals
the trial court's decree granting William P. Armistead (husband)
a divorce on the ground of adultery.  She contends that husband
failed to prove by clear and convincing evidence that she
committed adultery.  She further argues that the trial court
erred in determining the value of the marital estate, in
distributing the marital assets, and by denying her spousal
support.  For the reasons that follow, we affirm.

## I.  BACKGROUND

The couple was married on January 16, 1963.  During the
marriage, husband inherited a life estate in certain stock from
his father which included fifty-five shares of Coca-Cola Bottling

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Company of Norton and sixty shares of Coca-Cola Bottling Company of Vansant. From this inheritance, husband and William Kline, who also inherited stock from husband's father, formed Lonesome Pine Coca-Cola Bottling Company. Lonesome Pine purchased the outstanding shares of the Norton and Vansant bottling companies with a loan secured by husband's mother. Kline died, and Lonesome Pine purchased back Kline's shares from the Kline estate. Husband sold his shares of Lonesome Pine to Coca-Cola Consolidated for $9,000,000 and received an additional $2,000,000 for a non-compete agreement.[1] The couple invested the proceeds from the stock sale by purchasing several rental properties, which husband managed.

On August 4, 1995, the parties separated. Husband filed for divorce on the ground that wife committed adultery. The trial court appointed a special commissioner to receive the evidence and to make factual findings pertaining to the grounds for divorce, spousal support and maintenance, and equitable distribution. The parties submitted their evidence to the special commissioner by de bene esse depositions.

Husband presented the testimony of Regina Lambert and Karen Blevins to prove his allegation that wife committed adultery.

---

[1]The special commissioner found that husband effectively merged his life interest in the Norton and Vansant bottling stocks into the new corporation formed during the marriage and, thus, transmuted the stock into marital property. See Steinback v. Steinback, 11 Va. App. 13, 18-20, 396 S.E.2d 686, 690 (1990). Husband does not contest this finding on appeal.

Lambert testified that on several occasions she accompanied wife to various hotels and reserved rooms in her own name so that wife could covertly meet Bobby Pittman. On these occasions, Lambert would leave wife and Pittman in the hotel room and return a few hours later to take wife home. Lambert also accompanied wife to meet Pittman at his house in Kentucky. She waited outside for twenty minutes before wife asked her to come inside Pittman's house. Wife told Lambert that she was meeting with Pittman to discuss his amorous relationship with wife's granddaughter because the granddaughter had told wife that Pittman had raped her. Lambert further testified that she never observed wife having sexual intercourse with Pittman and that wife never discussed having sex with him, but she did see wife and Pittman holding hands. On one occasion, wife urged Lambert to ask Pittman "if he loved her."

Blevins testified that wife had recounted to her several of the meetings with Pittman. Blevins testified that wife admitted having sexual intercourse with Pittman. When asked whether wife expressly stated that she had sex with Pittman, Blevins claimed that wife said she "had the best time of her life." According to Blevins, wife stated that she put "leg locks" on Pittman, that he "didn't last too long," and that she offered to give him oral sex. Blevins also testified that she did not observe any sexual activities between wife and Pittman, but she did see the two holding hands.

After reviewing the evidence and briefs of the parties, the commissioner recommended that the husband be granted a divorce on the ground of adultery and that wife should not be awarded permanent spousal support because of her adultery. The commissioner considered the appraisals of the marital property submitted by the parties and found the values submitted by the husband's expert to represent the value of the property. The commissioner further recommended that the husband be awarded sixty percent of the marital property and that the wife be awarded forty percent. The trial court overruled wife's exceptions to the commissioner's report and entered a final decree approving and affirming the commissioner's findings. Wife appealed.

## II.  STANDARD OF REVIEW

"Where the evidence is heard by a commissioner and not <u>ore tenus</u> by the trial court, the decree is not given the same weight as a jury verdict, . . . but if the decree is supported by substantial, competent and credible evidence in depositions, it will not be overturned." <u>McLaughlin v. McLaughlin</u>, 2 Va. App. 463, 466-67, 346 S.E.2d 535, 536 (1986) (citations omitted). <u>See</u> <u>Collier v. Collier</u>, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986) (divorce decree based solely on depositions held "not as conclusive on appellate review as one based upon evidence heard <u>ore</u> <u>tenus</u>, but such a decree is presumed correct and will not be overturned if supported by substantial, competent, and credible

evidence").

### III.   ADULTERY

To prove adultery, the evidence of another spouse's extramarital sexual intercourse must be "clear and convincing." Derby v. Derby, 8 Va. App. 19, 24, 378 S.E.2d 74, 76 (1989). "While a court's judgment cannot be based upon speculation, conjecture, surmise, or suspicion, adultery does not have to be proven beyond all doubt." Gamer v. Gamer, 16 Va. App. 335, 339, 429 S.E.2d 618, 622 (1993) (citing Coe v. Coe, 225 Va. 616, 622, 303 S.E.2d 923, 927 (1983)).  Rather, the evidence must "'produce in the mind of the trier of facts a firm belief or conviction as to the allegations [of adultery] sought to be established.'" Cutlip v. Cutlip, 8 Va. App. 618, 621, 383 S.E.2d 273, 275 (1989) (quoting Seeman v. Seeman, 233 Va. App. 290, 293 n.1, 355 S.E.2d 884, 886 n.1 (1987)).

Clear and convincing evidence in the record supports the trial court's finding that the wife committed adultery.  Husband produced substantial, competent and credible evidence of wife's extramarital affair with Pittman.  Blevins testified that wife admitted having sexual intercourse with Pittman.  Furthermore, the evidence proved that wife covertly met with Pittman in hotel rooms on various occasions.  In these instances, the wife's friends would reserve a hotel room in the friend's name, leave wife and Pittman in the hotel room, and return several hours later to pick up wife.  Further, Blevins testified that wife held

hands with Pittman and described to Blevins the "leg locks" she placed on Pittman and how Pittman "didn't last too long" during their encounters.

The commissioner was free to disbelieve wife's explanation to Lambert that she met with Pittman to discuss his relationship with wife's granddaughter. Based on the foregoing evidence, we cannot say that the trial court erred in finding that wife committed adultery.

### IV. VALUATION OF MARITAL PROPERTY

We hold that the trial court's valuation of the marital assets was not erroneous. The trial court must value the parties' marital property before making an equitable distribution. See Code § 20-107.3. The parties bear the burden of providing the trial court with sufficient evidence from which it can value their property. Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989).

In this case, the parties presented conflicting expert appraisals of the property. The commissioner found the value of the property to be "consistent with the appraisal of [husband's expert]." Wife contends the commissioner arbitrarily disregarded the credible evidence of wife's expert and argues that the trial court's acceptance of the commissioner's valuation was error.

Wife's contention is without merit. The commissioner had discretion to resolve the conflicting evidence of the expert appraisers and to make factual findings. See Reid v. Reid, 7 Va.

App. 553, 563, 375 S.E.2d 533, 539 (1989) (commissioner may find one of several conflicting expert appraisals more credible so long as credible evidence supports selected appraisal); see also Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) ("The commissioner has the authority to resolve conflicts in the evidence and to make factual findings."). Moreover, the commissioner stated in his report that he found the testimony of the husband's expert to be "convincing and worthy of a great deal of weight." In this respect, the commissioner's report indicates that he weighed the evidence of both experts and found the valuation of the husband's expert more plausible. Accordingly, the trial court did not err in accepting the commissioner's valuation of the marital property.

### V.  EQUITABLE PROPERTY DISTRIBUTION

We hold that the trial court did not err in assigning only forty percent of the marital estate to wife under equitable distribution. "The goal of equitable distribution is to adjust the property interests of the spouses fairly and equitably." Booth v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988). In making an equitable distribution, once the court classifies and determines the value of marital property, it must distribute the property to the parties, taking into consideration all of the factors in Code § 20-107.3(E). Alphin v. Alphin, 15 Va. App. 395, 403, 424 S.E.2d 572, 576 (1992). The court is not required to qualify each factor, or weigh them equally, but its

consideration of each factor must be supported by the evidence. Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 434 (1991). Further, in fashioning an award, the trial court has broad discretion to weigh the particular circumstances of each case, Gamble v. Gamble, 14 Va. App. 558, 573, 421 S.E.2d 635, 644 (1992), and its decision will not be set aside unless it is plainly wrong or unsupported by the evidence. Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

Here, the commissioner considered all of the factors in Code § 20-107.3(E). He found that husband's business interests and acumen supplied the "vast majority of the monetary contribution to the well-being of the family" and accounted for the acquisition of the couple's marital property. He noted that wife cared for the couple's child and house in the early years of the marriage, but was frequently absent from the home towards the end of the marriage. Further, he found that wife's adultery contributed to the dissolution of the marriage, but did not cause any economic depreciation in the marital property. From these facts, the commissioner recommended assigning sixty percent of the value of the marital property to husband and forty percent to wife.

Wife contends the evidence fails to support the commissioner's finding that husband contributed the substantial portion of the marital property. We disagree. The record reveals that most, if not all, of the marital property was

acquired by husband's use of his inheritance to establish Lonesome Pine and purchase the rental properties. The commissioner's finding is supported by substantial and credible evidence and, thus, the trial court's affirmance of this finding is not error.

Further, citing Aster v. Gross, 7 Va. App. 1, 371 S.E.2d 833 (1988), wife contends the commissioner and trial court improperly considered wife's marital fault in making an equitable distribution. Aster held that "[c]ircumstances that lead to the dissolution of the marriage but have no effect upon marital property, its value, or otherwise are not relevant in determining a monetary award, need not be considered." 7 Va. App. at 5-6, 371 S.E.2d at 836. In this vein, Aster sought to eliminate arbitrary monetary awards that punished a spouse for his or her marital fault without showing such fault had an economic impact on the marriage. See O'Loughlin v. O'Loughlin, 20 Va. App. 522, 528, 458 S.E.2d 323, 326 (1995).

Wife's reliance on Aster is misplaced. Although the commissioner did find that wife's adultery had "not caused any economic depreciation in the marital property value," the commissioner's report does not reflect that he considered wife's adultery in recommending an equitable distribution. Moreover, the trial court did not mention wife's adultery in finding the commissioner's sixty/forty distribution fair and equitable, but rather relied "especially [upon] the monetary contributions by

the husband . . . ." Accordingly, the trial court's equitable distribution did not violate Aster.[2]

## VI.  DENIAL OF SPOUSAL SUPPORT

We hold that the trial court's denial of spousal support was not erroneous.  Code § 20-107.1 provides that "no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce [for adultery]."  The court may, in its discretion, make such an award if it determines from "clear and convincing evidence that a denial of support and maintenance would constitute a manifest injustice, based upon respective degrees of fault during the marriage and the relative economic circumstances of the parties."  Code § 20-107.1.  Wife asserts that the trial court's denial of

---

[2]At any rate, we elaborated on Aster in O'Loughlin and stated that:

> our ruling in Aster did not establish that the negative impact of marital fault . . . could not be considered in light of other factors, such as the couple's nonmonetary contributions, under Code § 20-107.3(E). Just as marital fault could be shown to have an economic impact on a marriage, i.e., waste or dissipation of assets, it can also be shown to have detracted from the marriage in other ways.

20 Va. App. at 528, 458 S.E.2d at 326.  Thus, "the negative impact of fault on non-economic aspects of the marriage [may] also be considered in determining a monetary award."  Theismann v. Theismann, 22 Va. App. 557, 569, 471 S.E.2d 809, 815 (1996) (emphasis added).  In this respect, the trial court, if it had so chosen, could have considered the effect of wife's adultery on the nonmonetary contributions by the parties to the well-being of the family.

spousal support constituted a manifest injustice because she had not performed any gainful employment for thirty years, is in poor health, and had become accustomed to having maids and housekeepers.

Decisions regarding spousal support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.  Konefal v. Konefal, 18 Va. App. 612, 614, 446 S.E.2d 153, 154 (1994).  The commissioner recommended denying wife spousal support after considering wife's adulterous conduct and the relative economic circumstances of the parties.  We cannot say that the trial court abused its discretion in accepting this recommendation and finding that wife failed to show by clear and convincing evidence that its denial of spousal support constituted a manifest injustice.

Finding no error, we affirm the trail court's decree.

Affirmed.