COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


JUNE DYER MUMFORD

MEMORANDUM OPINION[*]

v.    Record No. 1240-99-1                          PER CURIAM
                                                  NOVEMBER 2, 1999

VAUGHN W. MUMFORD, JR.


FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
Glen A. Tyler, Judge

(John W. Wescoat, on brief), for appellant.

(C. A. Turner, III, on brief), for appellee.


June D. Mumford (wife) appeals the equitable distribution decision of the circuit court.  Wife contends that the trial court (1) abused its discretion in awarding wife $24,400 in marital assets and Vaughn W. Mumford, Jr. (husband) $84,600; and (2) erred by crediting husband with fifteen percent of the value of the marital residence as his separate property.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

The evidence on equitable distribution was received by the trial court in an ore tenus hearing.  Wife was represented by

_____

    * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

counsel, but failed to appear at the hearing and refused her counsel's request to be deposed.

> Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below. Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.

Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986). "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

## Distribution of Marital Assets

Wife does not contend that the trial court failed to consider the statutory equitable distribution factors, but instead argues that the court abused its discretion by awarding husband too great a share of the marital estate. We find no error.

There is no statutory presumption of equal distribution under Virginia law. See Papuchis v. Papuchis, 2 Va. App. 130,

-

132, 341 S.E.2d 829, 830 (1986).  Wife failed to appear for trial and presented no evidence concerning her rights to equitable distribution.  What evidence was introduced concerning her contributions came predominantly through husband's testimony.  He acknowledged that wife contributed monetarily to the marriage, and credited her with making sixty percent of the purchases for the flea market that they operated.

Husband brought assets exceeding $100,000 to the marriage, while wife brought only $4,000.  Husband testified that he reimbursed wife for that $4,000 following the sale of one of his parcels of real estate.  Husband used the proceeds from the sale of these parcels to purchase the property used for the flea market and to provide a down payment for the marital residence.  The evidence supports the finding by the trial court that husband made the greater monetary contributions to the marriage.

The trial court also found that wife deserted the marriage "under very egregious circumstances."  The evidence established that wife left the marital home when husband was in intensive care with a ruptured aneurysm of the aorta.  He had additional serious health complications and remained hospitalized for three months.  As a result of his poor health, husband could no longer work at the flea market as long as he did previously.  Wife's desertion amounted to a negative nonmonetary contribution to the marriage, as it left husband unable to care for himself or to resume full operation of the flea market.  See O'Loughlin v.

-

O'Loughlin, 20 Va. App. 522, 527-28, 458 S.E.2d 323, 325-26 (1995).

The trial court ruled that husband was entitled to the inventory from the flea market.  Wife was now living in Tennessee and removed herself from the operation of the flea market.  The trial court awarded wife the vehicle in her possession, one-half the household furnishings, and $20,399 as a monetary award for her one-half interest in the marital share of the marital residence.  Wife was also assigned two debts arising from judgments docketed against her.  Evidence supports the equitable distribution decision made by the trial court, and we find no error.

## Marital Residence

Husband argues that wife failed to preserve any objection to the court's award of fifteen percent of the value of the marital residence to husband as his separate property.  Wife argued below that husband failed to trace his contributions with sufficient specificity, then argued, in the alternative, that husband was entitled to no more than fifteen percent for his alleged separate contributions.  When invited by the trial court to "bring . . . to my attention now" any legal mistakes, wife's counsel raised only the issue whether wife's fault should be considered in connection with the equitable distribution of the marital estate.  Wife's counsel endorsed the decree "Seen and Objected To," with no objections noted.  Having raised the issue

-

in the closing argument before the trial court, wife sufficiently preserved her objection.  See <u>Chawla v. BurgerBusters, Inc.</u>, 255 Va. 616, 622-23, 499 S.E.2d 829, 832-33 (1998).

The trial court found that husband proved he contributed $7,500 in separate funds towards the purchase of the marital residence and was entitled to recover fifteen percent of its equity as his separate property.  <u>See</u> Code § 20-107.3(A)(3)(e). Husband presented proof supporting his claimed contributions of separate property.  Wife did not present evidence contradicting husband's claim.  We find sufficient evidence supported the finding of the trial court.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

-