COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Chafin and Senior Judge Annunziata


JORGE JUAN NIETO CANO

                                                          MEMORANDUM OPINION*
v.        Record No. 1817-13-3                                 PER CURIAM
                                                              APRIL 1, 2014
JESSICA BROOKE DAVIDSON


                    FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                              Thomas J. Wilson, IV, Judge

                 (Shelly R. James, on briefs), for appellant.

                 (Grant D. Penrod; David A. Penrod; Beth C. Driver; Hoover Penrod,
                 PLC, on brief), for appellee.


        Jorge Juan Nieto Cano (husband) appeals from the parties' final decree of divorce.  Husband

argues that the trial court erred by (1) finding that he had "only $40,160.00 of separate equity in the

marital home because the evidence proved that additional separate funds of [husband] added to the

equity in the home"; (2) "dividing the marital property 50/50 where the evidence proved that

[husband] contributed significant amounts of separate funds to the family"; and (3) denying

husband's request for spousal support and "misapplying the factors in Code § 20-107.1," finding

that husband was in the same financial position as when he married Jessica Brooke Davidson (wife),

and "ignoring the disparity in the parties' income."  By way of cross-error, wife argues that the trial

court erred by awarding husband $40,160 as his separate property from the sale of the former

marital residence.  Upon reviewing the record and briefs of the parties, we conclude that the

arguments presented by the parties are without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

        _____

            * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

On November 29, 2001, wife and husband married in Spain. Husband owned an apartment in Spain, which is where the parties lived when they first married. While in Spain, husband worked with NATO, and wife did not work outside of the home. Shortly thereafter, the parties moved to the United States, and husband rented his Spanish apartment. Wife attended school in the United States and obtained her Ph.D. in history.

In 2004, the parties moved from Massachusetts to Harrisonburg, Virginia. Wife worked as a professor at James Madison University (JMU). Husband worked various jobs.

In 2007, the parties purchased the marital residence. Husband used $40,160 from his separate property for the down payment. There was no evidence about the purchase price of the house.

During the marriage, husband sold his Spanish apartment. He used some of the funds to pay marital debts and make repairs and improvements to the marital residence. He also used his separate funds to purchase a Honda Odyssey.

On October 1, 2011, the parties separated, and husband moved from the marital residence. Wife and the parties' two children stayed in the marital residence. Both parties worked at JMU; however, wife earned more than husband.

Wife filed a complaint for divorce on October 9, 2012. Husband filed an answer and counter-complaint. On August 2, 2013, the parties presented their evidence to the trial court. On August 9, 2013, the trial court issued its letter opinion, which granted a no-fault divorce to wife. The trial court held that the marital residence was valued at $254,500 and had a mortgage

balance of $166,120.96 as of the date of separation. It found that husband contributed $40,160 from his separate funds to the equity in the marital residence and awarded him this amount. After evaluating the factors in Code § 20-107.3, the trial court equally divided the parties' marital assets. After considering the factors in Code § 20-107.1, the trial court denied husband's request for spousal support.

The trial court entered the final decree of divorce on August 26, 2013. Both parties contest portions of the trial court's rulings.

ANALYSIS

*Former marital residence*

Both parties argue that the trial court erred in finding that husband made a separate contribution of $40,160 to the former marital residence. Husband contends he made a greater separate contribution, and wife asserts that husband failed to prove his separate contributions.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

The parties purchased the former marital residence during the marriage; therefore, it is presumed to be marital property. See Code § 20-107.3(A)(2). Husband claimed that he paid the down payment with his separate property.

Code § 20-107.3(A)(3)(d) provides:

> When marital property and separate property are commingled by contributing one category of property to another, resulting in the loss of identity of the contributed property, the classification of the contributed property shall be transmuted to the category of property receiving the contribution. However, to the extent the contributed property is retraceable by a preponderance of the evidence and was not a gift, such contributed property shall retain its original classification.

"The party claiming a separate interest in transmuted property bears the burden of proving retraceability." von Raab v. von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997) (citation omitted). "In order to trace the separate portion of hybrid property, . . . a party must (1) establish the identity of a portion of hybrid property and (2) directly trace that portion to a separate asset." Rahbaran v. Rahbaran, 26 Va. App. 195, 208, 494 S.E.2d 135, 141 (1997) (citing Code § 20-107.3(A)(3)(d)-(f)).

Husband had the burden to trace his separate contributions from the marital residence. Both parties admitted that the Spanish apartment was husband's separate property. Husband testified and offered exhibits to prove that he used $40,160 from the proceeds of the sale of his Spanish apartment to pay the down payment on the marital residence. Wife also testified that husband "put a large sum of money down for the down payment." She explained that they "temporarily borrowed money from his family" and husband repaid the loan with funds from the sale of his apartment. The evidence, including husband's testimony and exhibits and wife's testimony, supports the trial court's ruling that husband paid $40,160 for the down payment from his separate funds.

Since wife admitted that husband paid the down payment on the former marital residence with separate funds, we will not consider her argument on appeal that he did not trace the funds.

Husband argues that he used additional separate funds to pay for various improvements associated with the former marital residence. He also asserts that he made several payments from his separate funds to reduce the principal on the mortgage. The trial court rejected husband's claims and found that there was insufficient evidence to prove the "amounts contributed to improvements and increases in value attributable to those expenditures." The trial court did not err in finding that husband's separate contributions to the marital residence were limited to the down payment of $40,160. There was no additional evidence to establish clearly

how much husband paid, where the funds came from, and how it increased the value of the former marital residence.

In her appeal, wife argues that the trial court should not have given husband a "dollar-for-dollar credit from the initial investment" and should have considered how the down payment affected the equity. There was evidence regarding the equity in the home, which was $88,379.04, as of the date of separation. Clearly, the amount of down payment did not decrease over time. The trial court could not calculate whether the amount of the down payment increased over time because there was no testimony regarding the purchase price of the home and the initial mortgage. Therefore, the trial court awarded the minimum to husband, which was the amount he paid.

In referring to his additional separate payments toward the house, husband contends that "logic also proves that he made these separate contributions." Husband argues the equity in the home included his down payment, his separate contributions, and principal reductions. However, there was no evidence to support this argument. The only amount that was successfully traced was the amount of the down payment.

The trial court did not err in awarding husband $40,160 for his separate contributions to the marital residence.

*Equitable distribution*

Husband argues that the trial court erred in dividing equally the parties' marital assets because he contributed more to the marriage. He notes that he gave up his career, left his home country of Spain, supported his wife with the furtherance of her education and career, and contributed separate funds to the marriage.

In fashioning an equitable distribution award, the court must consider the factors in Code § 20-107.3(E). "[A]s long as the trial court considers all the factors, it is at the court's discretion

to determine what weight to give each factor when making the equitable distribution award." O'Loughlin v. O'Loughlin, 20 Va. App. 522, 526, 458 S.E.2d 323, 325 (1995) (citation omitted).

"'Virginia law does not establish a presumption of equal distribution of marital assets. It is within the discretion of the court to make an equal division or to make a substantially disparate division of assets as the factors outlined in Code § 20-107.3(E) require.'" Torian v. Torian, 38 Va. App. 167, 181, 562 S.E.2d 355, 362 (2002) (quoting Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998) (internal citations omitted)).

In this case, the trial court examined the factors in Code § 20-107.3(E). Contrary to husband's argument, the trial court considered and noted husband's support of wife while she obtained her Ph.D. and advanced in her career. The trial court also noted husband's separate contributions toward the down payment of the marital residence and the purchase of a vehicle. After considering each of the factors, the trial court held that the marital property should be divided equally. Based on the record, the trial court did not abuse its discretion in dividing the marital property equally.

*Spousal support*

Husband argues that the trial court erred in denying his request for spousal support. Husband asserts that the trial court erroneously concluded that after the divorce, husband would be in the same financial situation as he was prior to the marriage. Husband notes that he is unable to meet his expenses and purchase a home, but he was able to do both prior to the marriage. He argues that his standard of living deteriorated after the parties' separation, whereas wife's standard of living was the same. He also notes that during the marriage, wife was able to complete her education and obtain a good career, but husband had to give up his career and move from his home country. Furthermore, husband contends wife has the ability to pay spousal support.

"'In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.'" West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)). In awarding spousal support, a trial court must consider the factors in Code § 20-107.1(E); however, "[t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

The trial court considered all of the factors in Code § 20-107.1(E), including each party's income and expenses. Contrary to husband's arguments, the trial court acknowledged that husband left his "successful career" and country in order to support wife while she obtained her Ph.D. and started her career. Based on the record, the trial court did not abuse its discretion in denying husband's request for spousal support.

### Attorney's fees and costs

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny her request for an award of attorney's fees and costs she incurred on appeal.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.