**Salem**

WAYNE BUSH BOOTH

v.

HELEN CASH BOOTH

No. 0981-86-3

Decided September 6, 1988

24

COUNSEL

S. J. Thompson, Jr. (John T. Cook; Caskie Frost Hobbs Thompson Knakal & Alford, on brief), for appellant.

L. B. Cann III (Little, Parsley & Cluverius), for appellee.

OPINION

COLEMAN, J. — On February 2, 1988, we issued an opinion in this case which addressed all issues which had been briefed and argued. On February 26, 1988, we granted appellant a rehearing primarily to consider whether the opinion had improvidently addressed an issue which the appellee had voluntarily withdrawn after oral argument. At the hearing we addressed whether the appellee had withdrawn the issue of BAT Masonry stock, whether the evidence supported our original finding of transmutation, and whether the amount of the monetary award was excessive. We withdrew the original opinion pending the rehearing. Finding that we did improvidently address the issue of classification of BAT Masonry stock, we modify and reissue that opinion.

Equitable distribution in divorce cases in Virginia is a recent creature of statute. Judicial construction of the statute is in its infancy. The many questions concerning the scope, intention and application of the act are now only beginning to be answered. Wayne Booth's appeal of a $565,000 monetary award to his former wife raises some questions under the act which we have not previously addressed. His appeal challenges the applicability of the statute to causes of action that arose before the effective date of the statute, the factors considered by the trial judge in determining the amount of the monetary award, and the steps a trial court may take in ordering a monetary award. Helen Booth challenges the trial court's order that she transfer her interest in the marital home and the court's failure to require a bond from Wayne Booth to secure the deferred portion of her award.

We hold that the statute providing for a monetary award, commonly referred to as the equitable distribution act, applies to this case; that the trial court erred in ordering Helen Booth to transfer her interest in the marital home; and that there was no error in the court's consideration of the statutory factors in determining the amount of the award. Therefore, we vacate the award and remand.

In 1964, Wayne Booth and Helen Cash married. Two children were born of their marriage. Mrs. Booth left the marital home on August 1, 1982. She filed for divorce on August 4, 1982. On January 13, 1983, Mrs. Booth filed a motion in the divorce proceeding for an equitable distribution award. She filed an amended complaint on May 16, 1984, seeking a divorce on the ground of a one year separation. Mr. Booth opposed the motion for equitable distribution on the ground that the cause of action accrued and the parties' property rights were vested before the statute giving rise to equitable distribution became effective. The trial court denied his motion.

When the divorce was granted, the trial judge expressly reserved the issue of equitable distribution. *See Morris v. Morris*, 3 Va. App. 303, 349 S.E.2d 661 (1986); *Parra v. Parra*, 1 Va. App. 118, 336 S.E.2d 157 (1985). After receiving evidence he awarded Mrs. Booth $565,000 and ordered the method of payment.

## I. *Applicability of Statute*

■ We first consider whether the monetary award statute applied. The General Assembly can determine whether legislation applies prospectively or retrospectively, subject to the limitation that its enactments may not infringe or impair a constitutionally protected right or vested interest. U.S. Const. art. I, § 10, cl. 1; Va. Const. art. I, § 11; *see also Shoosmith v. Scott*, 217 Va. 789, 232 S.E.2d 787 (1977). The intent of the General Assembly determines whether a statute will be applied retrospectively, but the general rule of statutory construction is that legislation only speaks prospectively. *See Eaton v. Davis*, 176 Va. 330, 336, 10 S.E.2d 893, 896 (1940). In the absence of expressed provisions, the intent must be gleaned from legislative history, statutory scheme and purpose, and principles of statutory construction. In drafting the statute, the legislature specified "[t]hat the provisions of [the act] shall not affect any pending litigation." Ch. 309, cl. 3, 1982 Va. Acts 517. The effective date of the statute was July 1, 1982. It is silent concerning divorce suits filed after July 1, 1982, involving causes of action that arose prior thereto. Since the Booth case was not pending before the effective date, it is not excluded by the express language of the act.

Although the presumption in Virginia is against retrospective effect, *Fry v. Schwarting*, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987), we think it apparent from the language of the statute, as well as the necessary consequences of the act, that it applies to cases filed after the effective date of the statute, regardless of when the cause of action arose. To hold otherwise would require courts a generation from now to apply outmoded principles of law. Indeed, we would postpone solving for some time the very inequity the legislature sought to remedy. Disputes would arise over when the grounds for divorce occurred and which support and property laws applied. The legislature could not have intended that result.

■ Legislative intent that a statute apply retroactively will control unless to do so would impair vested rights. *Shoosmith*, 217 Va. at 793, 232 S.E.2d at 789. Mr. Booth argues that his vested property rights are impaired by application of the new statute. We disagree. Divorce is uniquely a creature of statute and the legislature has the power to govern marriage and its incidents, subject only to constitutional limitations. *See Rothman v. Rothman*, 65

N.J. 219, 228, 320 A.2d 496, 501 (1974). The parties have no vested right in the expectancy that a particular statute will be applied in case of a divorce unless a contractual right created by the parties is involved. "[T]he Legislature may change the remedies available upon divorce without offending constitutional principles; and . . . there [is] 'no vested' right in a particular statutory procedure governing the disposition of property upon divorce." *Valladares v. Valladares*, 80 A.D.2d 244, 253, 438 N.Y.S.2d 810, 816 (1981).

■ We hold that the equitable distribution statute providing for a monetary award applies to all actions filed after its effective date, regardless of when the cause of action arose, and that it applies to property acquired prior to the effective date of the act, unless the parties have agreed otherwise.

## II. *Considerations in Determining Amount of Award*

We next decide whether the trial judge erred in considering evidence of the waste of marital assets and evidence of attorneys' fees in determining the amount of the monetary award.

■ Mr. Booth argues Mrs. Booth's award should be reduced because the trial court failed to consider her "waste" of $146,000 of marital assets. Although not an exclusive definition "waste" may be generally characterized as the dissipation of marital funds in anticipation of divorce or separation for a purpose unrelated to the marriage and in derogation of the marital relationship at a time when the marriage is in jeopardy. *See In re Marriage of Smith*, 114 Ill. App. 3d 47, 448 N.E.2d 545 (1983). Just as a court may consider positive contributions to the marriage in making an equitable distribution award, it can also consider "negative" contributions in the form of squandering and estroying marital resources. *Anstutz v. Anstutz*, 112 Wisc. 2d 10, 331 N.W.2d 844 (Ct. App. 1983). The goal of equitable distribution is to adjust the property interests of the spouses fairly and equitably. The mechanism to accomplish that goal is the monetary award. To allow one spouse to squander marital property is to make an equitable award impossible. *Sharp v. Sharp*, 58 Md. App. 386, 399, 473 A.2d 499, 505 (1984). On the other hand, at least until the parties contemplate divorce, each is free to spend marital funds. To decide a question of dissipation of marital assets, we must accommo-

date these conflicting interests in the marital estate.

■ Normally, only property owned by the parties at the time of the last separation is classified as marital property. Code § 20-107.3(A)(2)(ii); *Wagner v. Wagner*, 4 Va. App. 397, 404, 358 S.E.2d 407, 410 (1987); *Price v. Price*, 4 Va. App. 224, 231, 355 S.E.2d 905, 909 (1987). In the case of assets wasted or dissipated in anticipation of separation or divorce, however, equity can only be accomplished if the party who last had the funds is held accountable for them. The funds necessarily must be considered marital assets held by the party guilty of waste. The trial judge then may consider that one party has wasted assets as a factor when the judge determines the amount of the award. Code § 20-107.3(E)(2) (contributions to the care and maintenance of marital properties).

■ Mr. Booth presented evidence that Mrs. Booth removed $146,000 from the marital resources. Mrs. Booth then explained her use of those funds. The trial judge specifically considered the question of waste as a factor under Code § 20-107.3(E)(11), which allows the court to consider factors other than those enumerated when such consideration is necessary or appropriate to reach an equitable decision. He found that $60,000 of the $146,000 was wasted when lost in a speculative stock market venture. Mrs. Booth did not challenge that ruling. The remainder, which Mrs. Booth used to pay legal fees and to support herself and her son, was not wasted. The record does not reflect whether the trial judge included that $60,000 as a part of the marital estate. Since we remand this case for reconsideration on other issues, we direct the trial court to reconsider this issue if necessary in view of our holding. The record does reflect that the judge considered the waste as a factor in making the monetary award, though how he considered it is not clear. However, in determining the amount of the award, the trial court is not required to quantify exactly what weight it gives to each of the statutory factors, though the findings must be based on the evidence presented. *Woolley v. Woolley*, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). Again, because we remand this case, the trial court will necessarily have to reconsider the weight to give to waste. In summary, we find that consideration of waste is warranted in this case. When waste has occurred, the trial court must include the wasted assets as marital property and must consider the waste as

a factor in determining the monetary award. *See In re Marriage of Petrovich*, 154 Ill. App. 3d 881, 882, 507 N.E.2d 207, 210, *appeal denied,* 116 Ill. 2d 556, 515 N.E.2d 125 (1987); *Harrell v. Harrell*, 120 A.D.2d 565, 566, 502 N.Y.S.2d 57, 59 (1986); L. Golden, *supra* at § 8.15; Code § 20-107.3(E)(2).

Attorneys' fees were a second consideration of the trial court in determining the amount of the award. Code § 20-107.3(E)(7) directs the court to consider the debts and liabilities of each spouse and the basis for such debts. Unpaid attorneys' fees constitute debt and the trial court did not err in considering them. Mr. Booth argues that because the court did not find the fees reasonable and because it did not consider the husband's fees, the consideration was erroneous. Both of these arguments fail. First, the judge was not *awarding* attorneys' fees; rather, he considered them as debts of both parties. Thus, there was no need to find them reasonable. A trial judge might find that the use of marital funds to pay excessive, unreasonable attorneys' fees constitutes waste, but Mr. Booth made no such allegation nor did he attempt to prove waste. Indeed, the trial judge specifically noted: "Moreover, I recognize that the attorneys' fees incurred by Mrs. Booth, or at least a portion of them, were necessarily incurred. This is a case of major proportions and complex issues and has taxed every resource possessed by me." The second argument fails because the court stated that it did consider that Mr. Booth would owe attorneys' fees when it determined debts and liabilities. The trial judge considered the evidence before him and Mr. Booth will not be heard to complain that the record contained no evidence of the amount of his attorneys' fees. *See Bowers v. Bowers*, 4 Va. App. 610, 617, 359 S.E.2d 546, 550-51 (1987). Though he made no finding as to the amount because Mr. Booth presented no evidence as to the amount, the judge said in his opinion letter: "[I]t is the duty of this court to do equity and equity demands I take cognizance of the attorneys' fees of both parties." We acknowledge that he did so, and we affirm his actions.

### III. *Making the Award*

Finally, we consider whether the trial court erred in making the award. Specifically we decide whether the court erred in ordering Mrs. Booth to transfer her interest in the marital home to Mr. Booth, whether the court erred in valuing property differently

when determining the award than when ordering satisfaction of the award, and whether the court should have awarded security for the deferred portion of Mrs. Booth's award. Because we remand this case, we do not address whether the court abused its discretion in making the award.

■ Mrs. Booth asserts that the court erred in ordering her to transfer her interest in the marital home.[1] We agree. We previously have ruled that our equitable distribution statute does not authorize the trial court to assign, allot, or divide marital property titled in either both names or a single name. *Venable v. Venable*, 2 Va. App. 178, 185, 342 S.E.2d 646, 650 (1986); Code § 20-107.3(C). While a court is authorized to partition marital property, it may not otherwise affect title by its order. Thus, the trial court erred by ordering Mrs. Booth to transfer her interest in the marital home. Because we presume that a portion of the monetary award included consideration for Mrs. Booth's interest in the marital home, the award will require reconsideration as to this issue. Accordingly, we reverse this ruling of the trial court.

■ In his order for the satisfaction of the equitable distribution award, the trial judge found the value of the property known as the "metal warehouse" to be $135,000, although the same property had been valued at $145,000 for purposes of deciding the amount of the award. Mr. Booth argues that the use of two different figures is error. We agree. If the party against whom a monetary award is made elects to convey property in satisfaction of the award, and if the court is alerted to the fact that the value of the property has changed, the court in approving the conveyance must determine the property's value as of the date of transfer. The court may not inequitably allow a party to satisfy a monetary award with property whose value has substantially changed since the date of the award without considering the actual value at the time of the transfer. Thus, if either party contends that the value has changed since the time of valuation, that party may raise the issue and both parties must be given the opportunity to be heard. Absent evidence of change in value, however, the trial court may rely on the valuation of the property at the time of the award and should approve the transfer on that basis. *See Haasken v. Haasken*, 396 N.W.2d 253 (Minn. Ct. App. 1986). In the present

---

[1] The trial court's order predated the 1988 amendment to Code § 20-107.3 empowering trial courts to distribute marital property.

case, the record does not reflect the reason why the trial court used different values for the metal warehouse property. Since the trial court must necessarily reconsider its award in view of our holding regarding the order to transfer an interest in the marital home, the method for satisfaction of the award must be reconsidered. Thus, we reverse and remand for the court to consider the method of satisfying the award.

 Finally, Mrs. Booth argues that the trial court should have awarded her security for the deferred portion of her award. A monetary award in an equitable distribution proceeding is a judgment.[2] *See Pledger v. Pledger*, 6 Va. App. 627, 371 S.E.2d 43 (1988). Code § 8.01-458 provides that a judgment or decree is a lien on real estate of the debtor, and Code § 8.01-460 makes specific provisions for decrees of monetary awards to be paid in future installments. A party who is granted a monetary award in an equitable distribution proceeding is in the same position as any other judgment creditor and has the same enforcement remedies available. The General Assembly has made no provision which requires security from a judgment debtor in matters such as this, and the trial judge did not err in denying Mrs. Booth's motion. We find no error.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Duff, J., and Hodges, J., concurred.

---

[2] The 1988 amendment to Code § 20-107.3(D) provides: "An award entered pursuant to this subsection shall constitute a judgement within the meaning of Code § 8.01-426 and the provisions of § 8.01-382, relating to interest on judgments, shall apply unless the court orders otherwise.