COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia

SHARON A. HARVEY

v.          Record No. 0524-95-4          MEMORANDUM OPINION[*] BY
                                       JUDGE ROSEMARIE ANNUNZIATA
JAN VORIS HARVEY                           DECEMBER 29, 1995

          FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                William Shore Robertson, Judge

          Julia S. Savage (Walker, Jones, Lawrence, Duggan &
          Savage, P.C., on briefs), for appellant.

          Linda I. Dodge for appellee.


     Sharon A. Harvey ("wife") and Jan Voris Harvey ("husband")
were divorced by decree entered February 24, 1995.  In her appeal
of the decree, wife contends the trial court abused its
discretion in failing to quantify her interest in pension
benefits paid to the husband during the pendency of the
proceedings, where a pendente lite decree ordered the husband
both to preserve marital assets and to pay support and
maintenance.  We find no error and affirm the judgment of the
trial court.

     The parties were married on June 25, 1966.  During the
marriage, the husband was an active member of the United States
military, retiring as a Colonel in December 1988.  The wife
worked at home, providing support for the husband's career.  The

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

trial court concluded that the husband's military career was a joint endeavor of the husband and wife.

The husband received his first pension payment around January 1, 1989, just days before the wife filed for divorce. By the end of that month, the court had entered a decree pendente lite, restraining both parties from "disposing of any property from his or her estate in order to preserve the respective estates so that it may be forthcoming to meet any decree which may be entered." The pendente lite decree also ordered the husband to pay, "for support and maintenance . . . expenses necessary for the maintenance and running of the household . . . and other marital expenses customarily paid by him."

The evidence shows that, during the pendency of the proceedings, the husband incurred numerous expenses to support himself, the wife, and both their minor son and emancipated daughters. The husband contends that he had to use his pension payments to abide by the pendente lite decree's support order because his new income alone was insufficient. The wife alleges that the husband made many frivolous expenditures and that, in so doing, he disposed of a marital asset, his pension, in contravention of the pendente lite decree.

Following the equitable distribution hearing, the trial court concluded that eighty percent of the husband's pension was marital property of which the wife was entitled to one-half. To determine the value of the wife's one-half share of the proceeds

which accrued during the pendency of the proceedings (roughly 1989-1993), the court was required to apply the value of those proceeds as of the date of the November 1993 and February 1994 evidentiary hearings since neither party requested an alternate valuation date.  See Code § 20-107.3(A); Gottlieb v. Gottlieb, 19 Va. App. 77, 86, 448 S.E.2d 666, 672 (1994).  By the date of those hearings, the value of the husband's pension proceeds that accrued during the 1989-1993 period was zero; the husband had spent it all.  However, the court found that the value of the wife's share of those proceeds would have been $87,043 had the husband not spent the funds.  Thus, the court sought to determine what amount of those proceeds the husband spent legitimately pursuant to the pendente lite order to provide support and what amount, if any, he improperly wasted or dissipated.

After reviewing substantial evidence seeking to establish or discredit the propriety of the husband's expenses, the court concluded that the evidence of waste was inconclusive.  The court expressed "reservations" about some of the husband's claimed expenses, but it found that he had not "intentionally" dissipated the pension.  The court concluded that it should award the wife something, but, since it was unable to determine which expenditures where proper and which were not, the court entered no award.  The wife argues that this was error; we disagree.

Among the statutory factors the court must consider in making a "fair and equitable monetary award" are the

contributions of the parties to the "care and maintenance" of marital assets. See Code §§ 20-107.3(E)(2),(10). This Court has concluded that the trial court may consider a party's dissipation of marital assets under these sections when determining an appropriate monetary award for the other party. See Stroop v. Stroop, 10 Va. App. 611, 615, 394 S.E.2d 861, 863 (1990); Booth v. Booth, 7 Va. App. 22, 28, 371 S.E.2d 569, 572 (1988).[1] Thus, although the trial court was required under § 20-107.3(A) to value the pension at the time of the hearing, it could still consider the issue of waste when making a monetary award under § 20-107.3(E). Indeed, "[w]hen waste has occurred, the trial court must include the wasted asset as marital property and must consider the waste as a factor in determining the monetary award." Booth, 7 Va. App. at 28-29, 371 S.E.2d at 573.

It is clear under Virginia law that not every conveyance of marital property after the marriage breaks down is waste. See Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 261 (1990). Instead, dissipation occurs "where one spouse uses marital property for his own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown." Id. (quoting Hellwig v. Hellwig, 100 Ill. App. 3d 452, 426 N.E.2d 1087 (1981)). The use of marital assets for marital purposes is not waste. Decker v. Decker, 17

---

[1]Booth addresses Code § 20-107.3(E)(11) which became § 20-107.3(E)(10) after § 20-107.3(E)(8) was repealed.

Va. App. 12, 19, 435 S.E.2d 407, 412 (1993).[2]

The husband bore the burden of proving by a preponderance of the evidence that he did not dissipate the pension. Clements, 10 Va. App. at 586, 397 S.E.2d at 261. Accordingly, the husband produced evidence documenting his expenses, claiming that they were for a proper purpose. The court found that the husband had not "intentionally dissipated" the pension. While the court expressed reservations about accepting the husband's claim that all his expenditures were proper, the wife presented insufficient rebuttal evidence to enable the court to segregate proper expenditures from improper ones. Thus, the court was unable to make an award to reflect what it deemed would have been the wife's share of the husband's pension funds.

At the reconsideration hearing upon motion of the wife, the court again asked her to demonstrate an amount, based on the evidence, that would reflect the husband's obligation under the pendente lite decree so that the court could determine what portion of the husband's expenditures was waste and what amount, if any, it should award the wife. The wife refused to address the doctrine of waste, notwithstanding that, at the time of the hearing, the value of the proceeds she sought was zero. Instead,

_____

[2]The pendente lite decree should be construed in accordance with these principles. See Brown v. Commonwealth, 8 Va. App. 126, 133, 380 S.E.2d 8, 12 (1989) (describing presumption that trial judges properly apply the law); Paul v. Paul, 214 Va. 651, 653, 203 S.E.2d 123, 125 (1974) (law in force at time property settlement agreement was made determines rights and duties under it).

she asked for her entire 40% share of the pension, contending that its future value at the time of the separation was all that was required to enable the court to make its award. The wife also argued that, in any event, the evidence before the court was sufficient for the court to make its determination and urged the court to "pick" a number. The court properly declined to do so.

A review of the record discloses that the evidence was insufficient to enable the court to identify funds which properly belonged to the wife. Having failed to provide evidence demonstrating the amount she should receive, the wife may not benefit on appeal for her failure to produce evidence at trial. See Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 500 (1987). "The burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply . . . must have the evidence before it . . . to grant or deny a monetary award." Id. (quoting Hodges v. Hodges, 2 Va. App. 508, 516, 347 S.E.2d 134, 139 (1986)). Moreover, a reviewing court cannot remand an equitable distribution case where the parties "had an adequate opportunity to introduce evidence but have failed to do so." Id. (quoting In re Marriage of Smith, 114 Ill. App. 3d 47, 54–55, 448 N.E.2d 545, 550 (1983)).

The judgment of the trial court is therefore affirmed.

Affirmed.