COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


STEVEN EDWARD MITCHELL
                                          MEMORANDUM OPINION[*]
v.   Record No. 2283-97-3                     PER CURIAM
                                            APRIL 14, 1998
ELIZABETH JANE THOMPSON MITCHELL


             FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                     George E. Honts, III, Judge

            (Burton L. Albert, on brief), for appellant.

            (Richard Lee Lawrence; Sam Garrison, on
            brief), for appellee.


     Steven Edward Mitchell (husband) appeals the decision of the

circuit court awarding spousal support to Elizabeth Jane Thompson

Mitchell (wife) and deciding other issues.  Husband contends that

the trial court erred by (1) failing to impute income to wife in

connection with its determination of spousal support; (2) making

findings of fact which were not supported by evidence; (3)

including non-marital assets as part of the marital estate; (4)

valuing assets as of a date other than the equitable distribution

hearing without a motion from either party seeking an alternative

valuation date; (5) awarding wife the maximum marital share of

husband's 401(k) pension plan; and (6) considering matters

outside the record.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## Spousal Support

Husband contends that the trial court erred by failing to impute income to wife before awarding her spousal support. Husband also challenges the trial court's finding that wife was depressed due to the break-up of the marriage and his adultery.

A party seeking spousal support is obligated to earn as much as reasonably possible in order to reduce the amount of support needed. See Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). In keeping with this principle, a court may, under appropriate circumstances, impute income to a party who seeks spousal or child support. See id. However, the decision to impute income is left to the discretion of the trial court.

The evidence established that, at the time of the hearing, wife suffered from major depression. Her doctor opined that she was disabled from working because she had trouble focusing and concentrating. While wife was trained as a nurse and had earned $30,000 per year in the past, she had not earned that amount in several years prior to the parties' separation. Wife's earnings from selling cosmetics had been minimal.

The trial court found that wife had a demonstrable ability to earn at least $20,000 per year as a nurse, but that she was unable presently to work full-time. The trial court set the

matter for review in six months.  The trial court's decision was based upon credible evidence, i.e., her doctor's opinion, and we find no abuse of discretion in its refusal to impute income to wife under these circumstances.

### Findings of Fact Not Supported By Evidence

Husband contends that the trial court committed reversible error in its final decree when it corrected an error made in its letter opinion.  A court speaks only through its written orders.  See Waterfront Marine Construction, Inc. v. North End 49ers, 251 Va. 417, 427 n.2, 468 S.E.2d 894, 900 n.2 (1996); Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).

Pursuant to husband's motion to reconsider, the trial court lowered the value of the parties' personal property to eliminate the double inclusion of a $7,000 tractor.  Evidence supports the trial court's adjustment.  Husband admits that the value set out in the final decree was proper and that he incurred no damage.  Therefore, this argument is without merit.

### Inclusion of Assets in the Marital Estate

Husband also challenges the court's inclusion in the marital estate of $21,683 out of a total value of $43,683, which arose from a stock option exercised by husband in April 1994.  Husband contended that the net proceeds of this transaction amounted to $22,000, all of which went towards the marital residence, and that no asset worth $21,683 existed at the date of separation or of the hearing.

The trial court's final decree does not include the amount challenged by husband. Therefore, husband's contention is without merit.

### Alternative Valuation Date

Husband contends that the trial court erred by valuing a KEMBA Credit Union marital account titled in husband's name as of the date of separation. The account had no remaining funds as of the date of the hearing. Neither party filed a motion to value the account as of a date different from the hearing date. See Code § 20-107.3(A).

As the party last in control of the KEMBA Credit Union funds, husband bore the burden to prove by a preponderance of the evidence that he did not dissipate those funds. See Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 261 (1990). Husband testified that he transferred the funds into a checking account and began to use the funds to pay various expenses, including the mortgage and spousal support. However, the record contains no other evidence indicating how these marital funds were used. Husband did not provide documentary evidence to support his testimony that he used these funds to pay living expenses. The trial court noted that it found husband to be "less than forthcoming in his oral testimony."

When determining the amount of a monetary award, the court may consider which party benefitted from the dissipation of marital funds. See Booth v. Booth, 7 Va. App. 22, 27-28, 371

4

S.E.2d 569, 572-73 (1988). "[E]quity can only be accomplished if the party who last had the funds is held accountable for them." Id. at 28, 371 S.E.2d at 573. The trial court is not required to quantify what weight it gives to the statutory factors. See id.

Based upon the evidence and the trial court's credibility determination, we cannot say that the trial court committed reversible error by including in the value of the marital estate the value of the KEMBA account as of the date of separation. Husband admitted spending the funds, and failed to establish by any credible evidence that the funds were used for a legitimate purpose.

### Share of 401(k)

Husband contends that the trial court erred by awarding wife the maximum share of his 401(k) pension authorized by Code § 20-107.3. Husband admits that the trial court indicated that it considered the statutory factors, and a review of its letter opinion demonstrates that it did consider the factors.

Code § 20-107.3(E)(5) authorizes the trial court to consider "[t]he circumstances and factors which contributed to the dissolution of the marriage, specifically including any ground for divorce under the provisions of subdivisions (1) [adultery], (3) or (6) of § 20-91 . . . ." The trial court found that husband's post-separation adultery was the cause of the parties' divorce. The court noted that husband's adultery occurred "within hours or days of his departure from the marital home"

5

with a woman to whom he admitted he had an emotional attachment even before the parties separated. The court also found that the separation was disabling for wife, who incurred over $13,000 in medical expenses as a result of her emotional problems resulting from the separation. The court was entitled to consider husband's adultery and its effect on the marital partnership in reaching its equitable distribution decision. See O'Loughlin v. O'Loughlin, 20 Va. App. 522, 527-28, 458 S.E.2d 323, 325-26 (1995).

The trial court found that both parties contributed monetarily and non-monetarily to the marriage. Wife withdrew all funds held in her 401(k) plan to purchase a new car which husband retained after separation. Wife also contributed $30,000 towards the purchase of the marital residence. The parties were married for over eleven years. We find no error in the trial court's election to award wife her statutory share of husband's 401(k) benefits.

We also reject husband's contention that the division of the marital estate was a gross abuse of discretion. Wife received approximately sixty-two percent of the marital estate. Virginia's equitable distribution scheme does not provide "a statutory presumption of equal distribution." Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986). Under the facts of this case, we cannot say the trial court abused its discretion in making its equitable distribution award.

6

## Considering Matters Outside the Record

Finally, husband contends that the trial court erred by considering disparaging remarks about the trial judge made by husband's counsel in a letter to wife's counsel. Nothing in the record before us supports husband's contention that the trial court referred to this letter. "The trial court's judgment is presumed to be correct, and 'the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred.'" Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc) (citation omitted). Nothing in the record before us supports husband's contention.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.