# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Edward F. Whelan, III

v.

Annette M. Whelan

August 17, 2001

Case No. CH01-378

BY JUDGE WILLIAM H. LEDBETTER, JR.

The issue presented is whether, for purposes of equitable distribution, the husband committed "marital waste" by transferring his construction business to his father during the marriage.

### Background

Mr. and Mrs. Whelan married in 1979. Three children were born of the marriage. The parties separated on June 1, 2000. They executed a "partial separation and property settlement agreement" on April 11, 2001. Mr. Whelan instituted this suit for divorce on June 5, 2001.

At a pendente lite hearing on July 16, 2001, counsel sought direction from the court regarding the status of Stafford Construction Company, a business formerly owned by Mr. Whelan that he sold to his father on August 31, 1998. Mrs. Whelan contends that she is entitled to conduct discovery regarding that marital asset and to present evidence about its waste or dissipation. Mr. Whelan contends that because the transaction occurred approximately two years before the parties' final separation, it cannot, by definition, constitute marital waste or dissipation, and therefore any evidence pertaining to the transaction or to the present value of the company would be irrelevant.

The court agreed to rule on that issue prior to the parties' evidentiary hearing before a commissioner. Counsel submitted memoranda. This opinion sets forth the court's holding on that matter.

## Decision

No evidence has been presented with regard to Mr. Whelan's sale of Stafford Construction Company except for certain stipulated facts. It is Mr. Whelan's position that no additional facts are necessary for the court to rule, as a matter of law, that the transaction does not constitute marital waste.

Mr. Whelan created Stafford Construction Company in 1982. He was the sole shareholder. During the time he owned the business, he paid himself a salary. Mrs. Whelan also worked in the business from time to time.

Mr. and Mrs. Whelan separated on May 30, 1998. The parties reconciled in early September 1998. During that separation, Mr. Whelan sold his construction business to his father for $100,000.00. The father assumed the debts and liabilities of the business. Mr. Whelan remained an employee of the business, earning the same salary he received when he owned the business. The $100,000.00 purchase price is represented by a promissory note, with 7% interest, payable in August of 2005.

After the parties resumed their marriage in September 1998, they lived together until their final separation on June 1, 2000.

Mrs. Whelan contends that she did not know of the sale of the business until this litigation.

The equitable distribution statute, Virginia Code § 20-107.3, is designed to provide each spouse, upon their divorce, with a fair share of the property accumulated during the marriage. Normally, only property owned by the parties at the time of the last separation is considered. See *Wagner v. Wagner*, 4 Va. App. 397, 358 S.E.2d 407 (1987). However, if marital assets have been wasted or dissipated in anticipation of the separation or divorce, equity can be accomplished only if the spouse who last had the funds is held accountable for them. The money or property must be considered a marital asset held by the party who squandered or destroyed it. Then, the trial judge may consider the waste as a "negative" factor under § 20-107.3(E) in making an equitable distribution.

The Court of Appeals defined "waste" in a 1988 decision that drew upon decisions from other jurisdictions that had enacted equitable distribution statutes years earlier. In *Booth v. Booth*, 7 Va. App. 22, 371 S.E.2d 569 (1988), the court said that waste "may be generally characterized as the dissipation of marital funds in anticipation of divorce or separation for a

purpose unrelated to the marriage and in derogation of the marital relationship at a time when the marriage is in jeopardy."

The court went on to say:

> Just as a court may consider positive contributions to the marriage in making an equitable distribution award, it can also consider "negative" contributions in the form of squandering and destroying marital resources. . . . To allow one spouse to squander marital property is to make an equitable distribution award impossible. . . . On the other hand, at least until the parties contemplate divorce, each is free to spend marital funds. To decide a question of dissipation of marital assets, we must accommodate these conflicting interests in the marital estate.

Mrs. Whelan argues that this transaction fits the *Booth* definition or, at least, she should be entitled to present additional evidence to establish that it does, because it occurred "in anticipation of divorce" — in fact, during a time when the parties were separated.

In several cases decided subsequent to *Booth*, the Court of Appeals has clarified the phrase "in anticipation of divorce or separation." In *Clements v. Clements*, 10 Va. App. 580, 397 S.E.2d 257 (1990), that court held that waste occurs "where one spouse uses marital property for his own benefit and for a purpose unrelated to the marriage *at a time when the marriage is undergoing an irreconcilable breakdown.*" (Emphasis added.) See also *Amburn v. Amburn*, 13 Va. App. 661, 414 S.E.2d 847 (1992), and *Anderson v. Anderson*, 29 Va. App. 673, 514 S.E.2d 369 (1999).

"Irreconcilable breakdown" is consistent with provisions in § 20-107.3 defining marital assets and marital share as property acquired "during the marriage and before the *last* separation of the parties." (Emphasis added.)

Therefore, the court holds that a sale of a marital asset, even if transferred for less than its fair value, cannot constitute waste or dissipation where the sale occurred almost two years before the parties' final separation.

Here, the sale of Stafford Construction Company occurred in August of 1998. Although the parties were separated at the time, it is obvious that that was not a time when the marriage was undergoing an irreconcilable breakdown. The parties reconciled in September 1998. Thereafter, they lived together until June 1, 2000.

To adopt a different view of waste would shove the courts down the proverbial "slippery slope," necessitating a review of every expenditure of marital funds and every disposition of marital assets, no matter how distant

from the divorce, when one spouse contends that the transactions occurred during a period of marital strife.

For these reasons, the court concludes that Mr. Whelan's sale of Stafford Construction Company did not constitute waste or dissipation, no matter what additional details Mrs. Whelan may be able to establish regarding the 1998 transaction.