COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


JOANNA ULKA GHULAM

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2870-06-4                  JUDGE JOHANNA L. FITZPATRICK
                                                       DECEMBER 18, 2007
GHULAM ALI SIDIQI


                   FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Robert W. Wooldridge, Jr., Judge

             Lawrence D. Diehl (William E. Findler, on briefs), for appellant.

             Valerie E. Hughes (The Bowen Law Firm, on brief), for appellee.


        In this domestic appeal, Joanna Ulka Ghulam (wife) contends the trial court erred by:

(1) failing to find that Ghulam Ali Sidiqi (husband) dissipated marital assets after the date of the

parties' separation, (2) misclassifying certain property, (3) awarding husband a divorce on the

ground of wife's adultery, (4) denying her spousal support, (5) awarding husband a

disproportionate amount of the parties' assets, and (6) failing to award her attorney's fees.

Husband seeks attorney's fees and costs associated with this appeal. For the reasons that follow,

we affirm the judgment below.

                                    BACKGROUND

        It is important to note at the outset, that the trial court made the following finding that

governs a great deal of the analysis of the issues in this case: "I believe I can say with some

confidence that I don't think I've ever heard a case in which both parties and the principal

witnesses had less credibility with this Court than I found in this one." "It is well established

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 669 (1997) (*en banc*).

With this in mind, however, on appeal, we view the evidence in the light most favorable to husband, the party prevailing below. Yopp v. Hodges, 43 Va. App. 427, 430, 598 S.E.2d 760, 762 (2004). Thus, we will "'discard the evidence of [wife] which conflicts, either directly or inferentially, with the evidence presented by [husband].'" Petry v. Petry, 41 Va. App. 782, 786, 589 S.E.2d 458, 460 (2003) (quoting Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003)). So viewed, the evidence established the following.

The parties married on November 19, 1970, and resided in Afghanistan for many years. Then they moved to Poland for several years before immigrating to the United States, where they purchased a residence in Springfield, Virginia. Prior to the marriage, husband and some of his family members owned an interest in a business center in Afghanistan. The center was destroyed during the Soviet occupation of Afghanistan and later rebuilt during the parties' marriage. Husband was also a co-owner of a residence in Afghanistan prior to his marriage to wife.

At trial, husband presented evidence that wife committed adultery during the marriage. The evidence included, *inter alia*, the parties' daughter's detailed deposition testimony describing wife's adultery with Nadir Rahim. Although the daughter later recanted that testimony, the trial court found that "[t]he level of detail that she recounted in the deposition I think was consistent with that testimony not being fabricated." Additional evidence considered by the trial court on this issue included a video of wife and Rahim, their relationship as reflected in the video, phone conversations, and "discussions of where they stayed together." Wife denied the adultery. However, based on the deposition testimony and other evidence, the trial court concluded wife had committed adultery.

Husband indicated that approximately $3,500,000, formerly held in a Deutsche Bank account, had been distributed to his sons from a prior marriage, gifted to wife, or lost in unsuccessful investments. He explained he lost $1,200,000 while trading in foreign currencies. He detailed the gifts he gave to his four sons for them to purchase homes. The trial court found that these disbursements occurred "five or six years" prior to the July 2006 hearing, thus well before the parties' 2002 separation. Husband also explained he used money from the Deutsche Bank account to purchase the parties' marital residence.

The trial court determined the business center property was hybrid and attributed eighty percent of it as husband's separate property and twenty percent of it as marital property, due to the use of marital funds to rebuild the structure following its demolition. The court found the residence in Afghanistan was entirely husband's separate property. The court awarded wife the entirety of the residence in Poland and awarded husband 78.5% of the Virginia residence and wife 21.5% of that house. After considering the equitable distribution, the trial court denied wife's request for spousal support. This appeal followed.

ANALYSIS

I.

Wife first argues that husband dissipated approximately $3,500,000 in cash during the months preceding their separation.[1]

Waste or dissipation of marital assets "occurs 'where one spouse uses marital property for his own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.'" Smith v. Smith, 18 Va. App. 427, 430, 444 S.E.2d 269, 272 (1994) (quoting Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 261

---

[1] By finding wife failed to demonstrate husband wasted a marital asset, we need not determine whether she was required to move the court for a change in valuation date of the asset in question.

(1990)). Thus, "[o]ur case law uniformly holds that the challenged use of funds must be 'in anticipation of divorce or separation . . . [and] at a time when the marriage is in jeopardy,'" with the burden of proof resting upon the aggrieved spouse. Id. (quoting Booth v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988)).

The record contains scant evidence regarding the transfer of funds from husband to his sons or the claimed losses from currency trading. However, wife also presented little evidence to support her contention that husband wasted marital assets in anticipation of the parties' impending separation. Evidence suggests the transfers may have occurred years before the parties separated, that the funds may have been acquired through business interests husband shared with his sons, and that the parties gave substantial gifts to their children during the course of their marriage. It is clear under Virginia law that not every conveyance of marital property after the marriage breaks down is waste. See Clements, 10 Va. App. at 586, 397 S.E.2d at 261. In this case, wife failed to carry her burden to demonstrate that husband wasted any marital assets. We find no error in the trial court's determination.

II.

Wife next challenges the court's classification and division of the Afghanistan properties.

Afghanistan Residence

Wife argues that income derived from husband's separately owned residence in Afghanistan should have been classified as a marital asset. She asserts the property was leased only after the parties' marriage and that the income derived from the property was the direct result of husband's personal efforts.

Code § 20-107.3(A)(1) provides in pertinent part, that "[i]ncome received from separate property during the marriage is separate property if not attributable to the personal effort of either party." Also, "[s]eparate property that has appreciated in value due to forces other than

- 4 -

either party's efforts, such as passive appreciation or the personal efforts of others, remains separate property." Congdon, 40 Va. App. at 267, 578 S.E.2d at 839; see Hart v. Hart, 35 Va. App. 221, 234, 544 S.E.2d 366, 372 (2001) ("A party is entitled to the passive growth of [his] separate property . . . ."); see also Martin v. Martin, 27 Va. App. 745, 751, 501 S.E.2d 450, 453 (1998) (en banc); Rowe v. Rowe, 24 Va. App. 123, 134, 480 S.E.2d 760, 765 (1997).

The record reflects that husband's sons, brother, and nephew were involved in managing the property and that the income derived from the property was split between numerous individuals. Sufficient evidence supports the conclusion that husband's personal efforts did not enhance the asset. Thus, any income husband derived from his separate interest in the property, remained his separate property and was not subject to division.

### Afghanistan Business Property

The trial court found that the business center property located in Afghanistan was hybrid property, with eighty percent determined to be husband's separate property and twenty percent determined to be marital property.

The evidence established that the property was owned by husband and his family before the parties' marriage. It was destroyed during the marriage and was rebuilt using some marital funds. The record reveals husband invested $20,000 towards the rebuilding during the marriage, and the trial court found husband's interest in the property to be worth approximately $1,000,000.

Although wife asserts the trial court's classification of the property was arbitrary and that the court should have ruled the property was at least eighty percent marital, she provides no support for this contention. The amount of husband's investment of marital assets used to rebuild the property was limited. Additionally, no evidence proved that there was any extensive

personal involvement on husband's part. Thus, the trial court did not err in its classification or division of these properties.

III.

Wife next argues that the trial court erred by finding the evidence sufficient to prove she committed adultery and by granting husband a divorce on this ground. We disagree.

To prove adultery, the evidence of a spouse's extramarital sexual intercourse must be "clear and convincing." Derby v. Derby, 8 Va. App. 19, 24, 378 S.E.2d 74, 76 (1989). "While a court's judgment cannot be based upon speculation, conjecture, surmise, or suspicion, adultery does not have to be proven beyond all doubt." Gamer v. Gamer, 16 Va. App. 335, 339, 429 S.E.2d 618, 622 (1993) (citing Coe v. Coe, 225 Va. 616, 622, 303 S.E.2d 923, 927 (1983)). Rather, the evidence must "'produce in the mind of the trier of facts a firm belief or conviction as to the allegations [of adultery] sought to be established.'" Cutlip v. Cutlip, 8 Va. App. 618, 621, 383 S.E.2d 273, 275 (1989) (quoting Seemann v. Seemann, 233 Va. 290, 293 n.1, 355 S.E.2d 884, 886 n.1 (1987)).

The parties' daughter testified in her deposition that wife repeatedly visited her paramour in the parties' house in Poland. She described an incident in which she walked in on wife and Rahim in bed, and also that she had heard them engaging in sexual relations on a number of occasions. Although the daughter later recanted her deposition testimony, the trial court concluded the level of detail she provided in her earlier account was inconsistent with that testimony having been fabricated. Other evidence indicated that wife and Rahim traveled together in Europe and the United States, and a videotape depicted the two demonstrating affection for each other. Wife denied the adultery.

"We defer to the trial court's evaluation of the credibility of the witnesses who testify *ore tenus.*" Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002). We find

no error with the trial court's credibility determination. Ample evidence supports the trial court's conclusion that wife committed adultery and, thus, did not err in awarding husband a divorce on those grounds.

IV.

Wife next argues that the trial court erred by failing to award her spousal support.

> A party who has committed adultery will not be awarded spousal support unless the trial court finds by clear and convincing evidence that denial of support would constitute a "manifest injustice, based on the respective degrees of fault during the marriage and the relative economic circumstances of the parties." Code § 20-107.1; Barnes v. Barnes, 16 Va. App. 98, 102, 428 S.E.2d 294, 298 (1993).

Rahbaran v. Rahbaran, 26 Va. App. 195, 211-12, 494 S.E.2d 135, 143 (1997).

The trial court's decision whether to award spousal support to wife despite her adultery is a discretionary one and will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Williams v. Williams, 14 Va. App. 217, 219, 415 S.E.2d 252, 253 (1992).

Wife asserts that the trial court's denial of spousal support constituted a manifest injustice because she had not performed any gainful employment for thirty years and "there is no evidence indicating that [she] could reasonably rely upon her children to support her."

We cannot say that the trial court abused its discretion in denying wife spousal support. The trial court awarded wife over $500,000 in cash and property, including the couple's residence in Poland. She is in relatively good health, and is approximately twenty years younger than husband. The court considered the respective degrees of fault for the breakdown of the marriage, the economic circumstances of the parties, and the equitable distribution award in concluding that no manifest injustice would occur from a denial of spousal support to wife. We affirm its decision.

Wife also contends that the trial court "improperly weighted the evidence of marital infidelity" in distributing the assets. She asserts that "[e]ven taking all evidence in the light most favorable to husband such a finding cannot support an award of marital assets to husband $450,000.00 greater than the award to wife."

"Code § 20-107.3 contains no presumption favoring equal division of marital property. Moreover, in reviewing an equitable distribution award, we rely heavily on the trial judge's discretion in weighing the particular circumstances of each case. Only under exceptional circumstances will we interfere with the exercise of the trial judge's discretion." Aster v. Gross, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988).

The trial court considered all the factors in Code § 20-107.3(E). It found that husband made the primary monetary contributions throughout the parties' marriage and is significantly older than wife. The trial court also noted wife's pivotal role in the dissolution of the marriage.

"What weight, if any, to assign to this [or that] factor in the overall decision lies within the trial court's sound discretion. Under settled law, 'the trial court *must* consider each of the statutory factors, but *may* determine what weight to assign to each of them.'" Owens v. Owens, 41 Va. App. 844, 859, 589 S.E.2d 488, 496 (2003) (quoting Thomas v. Thomas, 40 Va. App. 639, 644, 580 S.E.2d 503, 505 (2003)). We affirm the trial's court's equitable distribution award.

VI.

Lastly, wife argues that the trial court erred by failing to award her attorney's fees.

Rule 5A:20(e) mandates that the opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."

Wife has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

Wife did not comply with Rule 5A:20(e); the opening brief does not contain sufficient principles of law, argument, or citation to legal authorities or the record to fully develop appellant's arguments. Thus, we need not consider this argument. Theisman v. Theisman, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

VII.

Husband requests costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the entire record in this case, we hold that husband is not entitled to costs or attorney's fees in the matter.

For the foregoing reasons, we find no error and affirm the trial court's decision.

Affirmed.