UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Beales and Senior Judge Willis
Argued at Salem, Virginia


DAVID JOHN NEUHS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2381-11-3                      JUDGE JERE M.H. WILLIS, JR.
                                                    DECEMBER 4, 2012

PATRICIA ANN RICHARDSON NEUHS


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Malfourd W. Trumbo, Judge

Frank K. Friedman (Erin B. Ashwell; John Gregory, Jr.; Woods
Rogers PLC, on briefs), for appellant.

Monica Taylor Monday (Rhonda L. Overstreet; Gentry Locke
Rakes & Moore; Overstreet Sloan PLLC, on brief), for appellee.


David John Neuhs (husband) appeals from an equitable distribution ruling.  He contends:

I.  Where the  trial court found Patricia Richardson Neuhs (wife) wasted/dissipated assets, it

erred by failing to count the wasted assets as property in wife's possession.  He asserts specifically

that:

a.  Where wife admitted withdrawing $40,000 from a marital Ameritrade account in order to

start her own business, the trial court erred in using the reduced value of the Ameritrade account in

determining equitable distribution, rather than using that value plus the amount wasted/dissipated

and charging wife with possession of the $40,000 wasted/dissipated.

b.  The trial court erred in failing to include as marital assets other funds wasted/dissipated

by wife and in failing to restore to husband his separate property wasted by wife, including

significant sums spent on a trip to London for her son and his friends, a $4,500 bracelet,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

approximately $30,000 pilfered from Valley Trailer and Truck Parts, and other unnecessary purchases and expenditures by her that drained marital funds and husband's separate assets.

II.  The trial court erred and misapplied Code § 20-107.3 in ruling that DJN Investments, LLC, and other properties held therein, were marital property subject to equitable distribution where those properties were his separate property and were maintained as separate property, particularly noting that he had named DJN for himself and had made himself its managing member and 100% owner.

III.  The trial court erred by failing to classify three marital bank accounts.

Wife assigns as cross-error the following:

I.  The trial court erred in failing to classify specific property and/or include it in the equitable distribution award.  She asserts specifically that:

a.  The trial court erred in failing to classify the Christian Avenue property and the proceeds of its sale as her separate property.

b.  The trial court erred in failing to include husband's IRA, which was classified as marital property, in the equitable distribution award.

c.  The trial court erred in failing to classify, consider, and award her the monthly rent received by husband for the 1757 Granby Avenue property for the months of April, May, and June 2010.

II.  The trial court erred in classifying the Ameritrade account as marital property.

III.  The trial court erred in failing to award her spousal support.

We affirm the judgment of the trial court in part, reverse it in part, and remand the case to the trial court for further proceedings consistent with this opinion.

BACKGROUND

The parties were married on March 17, 2002.[1] During the marriage, they formed several business entities. The first was Costa Maya Investments, LLC (CMI), which acquired and managed real estate. Wife was the sole and managing member of CMI. They next formed Costa Maya Rentals, LLC (CMR), which owned trucks and trailers used in husband's trucking business. Wife was the managing member of CMR.

In 2003, in property distribution from his previous marriage, husband received D&T Trucking Co., Inc. (D&T) and several real estate properties. He formed DJN Investments, LLC (DJN) to acquire, hold, and manage these assets. During the parties' marriage, DJN acquired additional real estate. Husband was the sole owner of DJN.

In August 2003, husband formed DNCS, Inc. (DNCS). He received all the stock of DNCS in exchange for the assets of D&T. DNCS ran the trucking business that husband had established prior to the marriage. Husband worked for DNCS, which paid him a salary.

In 2005, the parties acquired Valley Truck & Trailer Parts, Inc. (VT&T). Husband was the sole stockholder. Wife worked full time for VT&T and was paid a salary. In June 2010, the parties sold VT&T.

On December 4, 2008, wife filed a complaint for divorce based on adultery and constructive desertion. Pursuant to a pretrial order, the parties submitted schedules identifying property that they claimed to be separate, marital, or hybrid. The trial court heard evidence and received the parties' written closing arguments.

On May 6, 2011, in its letter opinion, the trial court awarded wife a divorce based on adultery. It noted that the parties disagreed "over whether the vast majority of the property

---

[1] This was the third marriage for each party. Wife's second marriage ended in divorce in 2000. Husband's second marriage ended in divorce on March 15, 2002. The equitable distribution of marital property from husband's second marriage was finalized on May 19, 2003.

should be classified as separate or marital property for the purposes of equitable distribution." It classified and valued most of the property. Considering the factors in Code § 20-107.3(E), it awarded husband sixty percent of the marital property and wife forty percent. It denied wife's request for spousal support. A final decree of divorce was entered on October 26, 2011. Husband and wife each noted objections.

## ANALYSIS

"[D]ecisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

### Husband's Assignments of Error

### Issue I(a): Ameritrade Account

Husband contends that even though the trial court found wife wasted/dissipated assets, it erroneously failed to count those assets as property in her possession. He argues that although wife admitted withdrawing $40,000 from the Ameritrade account to form a business for herself, the trial court failed to account for this money when valuing and dividing the account.

"Dissipation occurs 'where one spouse uses marital property for his own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.'" Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 261 (1990) (quoting Hellwig v. Hellwig, 426 N.E.2d 1087, 1094 (Ill. Ct. App. 1981)). Similarly, waste is defined as the "dissipation of marital funds in anticipation of divorce or separation for a purpose unrelated to the marriage and in derogation of the marital relationship at a time when the marriage is in jeopardy." Booth v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988). See also Smith v. Smith, 18

- 4 -

Va. App. 427, 430-31, 444 S.E.2d 269, 272 (1994) (using "dissipation of assets" and "waste" interchangeably).

"Once the aggrieved spouse shows that marital funds were either withdrawn or used after the breakdown [of the marriage], the burden rests with the party charged with dissipation to prove that the money was spent for a proper purpose." Clements, 10 Va. App. at 586, 397 S.E.2d at 261.

The evidence established that wife withdrew $40,000 for her own business purposes. She admitted that she did so. The trial court did not address this $40,000. In its letter opinion, the trial court stated,

> The Court finds that Husband did contribute much more
> financially to the acquisition of the property. Furthermore, the
> short duration of the marriage, the facts surrounding the acquisition
> of marital property, and the *evidence of Wife's dissipation of*
> *marital assets during the separation* suggest Husband should be
> awarded a greater share of the property.

(Emphasis added.) Although the trial court held that wife had dissipated marital assets, it did not identify what marital assets she dissipated.

The trial court's letter opinion and final decree do not provide us sufficient information to review husband's assignment of error and the correctness of the trial court's holding. Therefore, we remand this issue for clarification of the Ameritrade analysis; i.e. what the trial court found to be dissipated by wife, whether and to what extent this was waste, a specific classification of the $40,000 conceded by wife to have been withdrawn for her business, and reclassification and valuation of the Ameritrade account.

Issue I(b): Rule 5A:18

Husband argues that the trial court also failed to include as marital assets other funds wife wasted or dissipated. Husband specifically asserts as waste the money wife spent providing a

trip to London for her son and his classmates, a $4,500 bracelet she purchased,[2] approximately $30,000 withdrawn from VT&T, and "other unnecessary purchases and expenditures that drained marital funds and husband's separate assets."

Husband did not preserve these issues in his objections to the final decree of divorce. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

Because husband did not note these issues in his objections to the trial court's ruling, we will not consider them on appeal.

Issue II: Classification of DJN

Husband argues that the trial court erred and misapplied Code § 20-107.3 in ruling that DJN and the properties held therein were marital property subject to equitable distribution. He contends DJN was his separate property.

"Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005) (citations omitted).

DJN was formed on July 14, 2003, during the marriage. Therefore, it is presumed to be marital property. Code § 20-107.3(A)(2). DJN held eight real estate properties at the time of the parties' separation. Husband argues that DJN is his separate property because five of the properties in DJN were acquired by him in his previous divorce and three were acquired in exchange for separate property.

---

[2] Although the trial court made no finding of waste, the trial court included the bracelet as part of wife's jewelry, which it allocated and charged to her, in the equitable distribution award.

The trial court disagreed with husband's contention that DJN was his separate property and held that it was marital property. The evidence supports this finding. In its letter opinion, the trial court stated, "When looking at the Parties' testimony combined with the circumstantial evidence of how the Parties operated the entities, the Court finds Wife's testimony more credible than Husband's testimony."[3]

Husband testified that he never intended for wife to have an interest in DJN. Wife testified that DJN and CMI were formed because she and husband were looking for a way to acquire real estate for investment purposes for their immediate needs and for their retirement. Both parties were involved in the operations of DJN. As the trial court noted, they both "regularly conversed with their tenants, organized and paid for repairs, and received and deposited rent payments." In addition, they both had signatory authority on the bank accounts and frequently commingled funds with their personal bank accounts. Based on this evidence, the trial court found that "the parties intended for [DJN and CMI] to benefit both Parties and not to be maintained separate and apart from one spouse or the other."

We affirm this ruling.

Issue III: Three bank accounts

During the marriage, the parties owned three bank accounts, one at Valley Bank and two at Bank of America. Code § 20-107.3 requires the trial court to classify, value, and distribute the parties' property. See also Alphin v. Alphin, 15 Va. App. 395, 403, 424 S.E.2d 572, 576 (1992). The parties agree, and the record confirms, that the trial court failed to classify, value, and

---

[3] "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc).

distribute these bank accounts. Therefore, the case is remanded to the trial court for classification, valuation, and appropriate disposition of the three bank accounts.

Wife's Assignments of Cross-Error

Issue I(a): Christian Avenue property

Wife contends that the trial court erred in failing to classify the Christian Avenue property and the proceeds of its sale as her separate property.

Wife lived at the Christian Avenue property prior to her marriage to husband. The parties lived there during the marriage.[4] Wife testified that they sold the Christian Avenue property in 2005 and provided owner financing for the purchasers. She testified that she paid off the mortgage "[b]y check from my personal account." Then, she admitted that the funds used to pay off the loan came from a joint checking account. The new buyers refinanced and paid off the owner-financed loan in 2010. Wife testified that she deposited the funds into her "personal account" and then used the funds to pay off the note on 1757 Granby Avenue.

The trial court does not mention the Christian Avenue property in its letter opinion. The Christian Avenue property was sold in 2005, and the note on the Granby Avenue property was paid off in 2010.[5] The trial court did not classify, value, and dispose of the Christian Avenue property and its proceeds, as it was required to do under Code § 20-107.3. The case is remanded to the trial court on these issues.

Issue I(b): Husband's IRA

Wife contends that although the trial court classified husband's IRA as marital property, it erroneously failed to include it in the value of property awarded to husband.

---

[4] Wife did not specify how long they lived at the Christian Avenue property, but confirmed that they lived there prior to purchasing the marital residence in January 2004.

[5] The parties separated in December 2008, prior to the date of the payoff on the Granby Avenue property loan.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan, 10 Va. App. at 732, 396 S.E.2d at 678.

Contrary to wife's arguments, the record reflects that the trial court properly valued, considered, and disposed of husband's IRA. That ruling is affirmed.

### Issue I(c): Granby Avenue rent checks

Wife contends that the trial court erroneously failed to classify and award to her the monthly rent received by husband for the 1757 Granby Avenue property held by CMI. The trial court ruled that CMI was marital property and awarded it to wife. She argues she was entitled to the April, May, and June 2010 rent checks.

At trial, wife testified that the renters at Granby Avenue paid their rent to CMI. For practical purposes, the renters gave their checks to husband, who gave them to wife. The record does not show that wife did not receive the rent checks that she claims. Therefore, the trial court's ruling is affirmed. See Mir v. Mir, 39 Va. App. 119, 125, 571 S.E.2d 299, 302 (2002) (holding that an equitable distribution ruling lies within the discretion of the trial court so long as the evidence supports it).

### Issue II: Ameritrade Account

Wife contends that the trial court erred in classifying the Ameritrade account as marital, as opposed to hybrid, property. She asserts that she opened the account prior to the parties' marriage and that it was titled in her name only. She argues the initial funds in the account were her separate funds. She acknowledged that husband also contributed funds to the account prior to the marriage.

- 9 -

Because we are remanding the trial court's ruling and disposition of the Ameritrade account on the issues raised in husband's assignments of error, we also remand this issue to the trial court for consideration when it classifies, values, and distributes the account.

Issue III:  Spousal Support

Wife contends that the trial court erred in denying her spousal support.  "[W]here an equitable distribution award is reversed on appeal and 'the provisions with regard to the marital property are to be considered on remand, the court must necessarily re-examine spousal support in the light of whatever new or different considerations flow from the additional proceedings.'" Robinson v. Robinson, 46 Va. App. 652, 671, 621 S.E.2d 147, 156 (2005) (en banc) (quoting McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985)).

Accordingly, we remand the issue of spousal support.

### Wife's request for attorney's fees and costs incurred on appeal

Wife seeks an award of the attorney's fees and costs she incurred on appeal.  However, because this litigation "addressed appropriate and substantial issues," and "neither party generated unnecessary delay or expense in pursuit of its interests," Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we deny her request for an award of attorney's fees and costs.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

### CONCLUSION

We affirm the judgment of the trial court in part, reverse in part, and remand for further proceedings consistent with this opinion.

Affirmed in part,
reversed in part,
and remanded.